A. W. CALLEN *et al.* v. THE CITY OF JUNCTION CITY.

FINDINGS, *When Not Reviewable.* Findings made by the judge of the district court under section one of chapter sixty-nine (Laws of 1886), "An act to enable cities of the second class to extend their corporate limits," etc., are not reviewable in this court.

*Error from Geary District Court.*

THE opinion states the case.

*Jim S. Callen,* for plaintiffs in error.

*Thomas Dever,* for defendant in error.

Opinion by SIMPSON, C.: An act of the legislature of this state passed at the special session, 1886, entitled "An act to amend sections 1 and 3 of an act entitled 'An act to enable cities of the second class to extend their corporate limits, and to repeal section 133 of chapter 100 of the Laws of 1872, and chapter 73 of the Laws of 1875,' approved March 4, 1875, and to repeal said original §§ 1 and 3," provided that "whenever the city council of any city of the second class desires to enlarge the limits thereof from the territory adjacent thereto, said council shall, in the name of said city, present a petition to the judge of the district court of the county in which said city is situated, setting forth by metes and bounds the territory sought to be added, and asking said judge to make a finding as to the advisability of adding said territory to said city." Notice of the time and place of the presentation of the petition to the judge shall be published for three consecutive weeks in some newspaper published in the city, and proof of the publication of the notice shall be made at the hearing. Upon the hearing, if the judge "shall be satisfied that the adding of such territory to the city will be to its interest, and will cause no manifest injury to the persons owning real estate in the territory sought to be added, he shall so find, and thereupon the city council of said city may add such territory to said city, by an ordinance providing for the same."

On the 17th day of March, 1887, the city of Junction City, a city of the second class, situate in the county of Davis (now Geary), filed its petition before Judge M. B. Nicholson, judge of the district court in and for that county, to annex lot 2, section 1, township 12 south, range 5, east of the sixth principal meridian, to said city, said land being adjacent to the limits of said city and entirely surrounded by said limits. This land was known as the "Callen field," and was owned by A. W. Callen, J. B. Callen, and Jim S. Callen, the plaintiffs in error. It embraced about twenty-eight acres of land, and was owned by A. W. Callen prior to the incorporation of the city of Junction City. Among the facts agreed upon are the following: That this land had been used for about fifteen years as farming-land; it was then planted in fruit and shade trees; water-pipes were laid and extended to its various points to water the trees; that the shade trees lived, and are now fifteen years old; that the land is in grass, surrounded by a hedge fence, and for the past eight years has been used as a pasture, being well adapted by reason of the shade, feed and water for that purpose; that a part of the tract had been deeded by A. W. Callen to his sons J. B. and J. S. for future homes; that the same is not divided into lots or blocks, or ever offered for sale; that said parties always intended to reside thereon and occupy it as homesteads; that J. B. Callen owned the city property extending from the south side of this property to Tenth street in said city, and had a house thereon; and that in 1883 the plaintiffs in error petitioned the board of county commissioners to vacate the north end of Adams street, so as to render the land more suitable for residence property, which order was granted. The judge of the district court on the hearing made findings that it will be for the interest of the city to extend its corporate limits so as to include this land, and that it will be of no manifest injury to the owners to have the land included within the corporate limits of the city. On the hearing, however, the plaintiffs in error made a special appearance, and objected to the power of the judge to make any findings; that the act of the legislature was unconstitu-

tional and void for several reasons; that the notice of publication was defective, and that there was no proof of the publication. A demurrer was also filed to the petition of the city, for various causes. All of which was overruled by the judge, and proper exceptions duly saved. The case is here by petition in error, and it is claimed by the city as defendant in error that we have no authority to review the findings of the judge of the district court in proceedings of this character.

The statute does not in terms provide for any method by which these findings may be reviewed in this court, and unless they fall within section 542 of the code of civil procedure, the objection must be sustained. That section provides "that the supreme court may vacate or modify any of the following orders of the district court or a judge thereof: First, a final order; second, an order that grants or refuses a continuance, discharges vacates or modifies a provisional remedy; or grants, refuses or vacates an injunction; that grants or refuses a new trial; or that confirms or refuses to confirm the report of a referee; or that sustains or overrules a demurrer."

By § 543 a final order is defined, among other things, as one affecting a substantial right made in a special proceeding. If this petition in error can be sustained, it must be under such a construction of this section as holds these findings to be an order in a special proceeding. There are many difficulties to be encountered and overcome to reach such a conclusion. It would be a strange perversion of terms to call a finding an order. The judge is not authorized by the statute to make any order or render any judgment. The findings are made the basis of action by the city council, and are conditions precedent to the exercise of power by the council. The proceeding is not an action, but may come under the head of special proceedings, as contemplated by § 543. In any view, the judge has made no order that is reviewable in this court.

It is recommended that the petition in error be dismissed.

By the Court: It is so ordered.

All the Justices concurring.