JOSIE L. STEELE *et al.* V. THE CITY OF NEWTON.

CITY—*Enlarging Boundaries—No Appeal.* Under chapter 97 of the
    Laws of 1885, relating to the enlargement of the boundaries of cities
    of the second class, as amended by chapter 69 of the Laws of 1886,
    no appeal can be taken from the district judge to the district court,
    and no appeal or petition in error can be taken from either such
    judge or such court to the supreme court.

*Appeal from Harvey District Court.*

THE opinion states the case.

*J. W. Ady,* and *Lathy & Holliday,* for appellants.

*W. M. Shaver,* for appellee; *C. S. Bowman,* of counsel.

The opinion of the court was delivered by

VALENTINE, J.: On May 10, 1886, the city of Newton
by its officers presented to the judge of the district court of
Harvey county, at chambers, a petition asking for the en-
largement of the boundaries of such city. Josie L. Steele
and L. E. Steele, who were and are husband and wife, and
who would be affected by the proposed change if accom-
plished, presented a paper constituting a motion and 'de-
murrer, asking upon various grounds that the petition be
dismissed. The entire paper was overruled. Steele and
Steele then presented an answer, to which answer the city of
Newton demurred, which demurrer was overruled, and the
city then replied to the defendants' answer. Upon these
pleadings a trial was had before the judge at chambers, and
upon the evidence introduced he made several findings, but
did not make any order nor render any judgment. The de-
fendants, however, moved for a new trial, which motion was
overruled. Afterward the defendants attempted to appeal
from the district judge to the district court, and in the dis-
trict court all the proceedings had before the district judge
were adopted as and for proceedings in the district court.
The defendants then attempted to appeal from the district

court to the supreme court, styling themselves in the supreme court as appellants and the city of Newton as appellee. Upon these proceedings many questions are presented to the supreme court, but we think it is necessary to consider only a few of them. These proceedings were had under chapter 97 of the Laws of 1885 and chapter 69 of the Laws of 1886. Under these laws a petition may be presented to the judge of the district court at chambers by any city of the second class— such as the city of Newton was in 1886, and still is— to enlarge the boundaries of the city, but no provision is made for any other pleading than a petition, nor for any motion. The hearing must be had upon the petition, and upon that and the evidence alone. With regard to such hearing the statute of 1885 provided, among other things, as follows:

"He [the district judge] shall proceed to hear testimony as to the advisability of making such addition; and upon such hearing, if he shall be satisfied that the adding of such terri-* tory to the city will be to its interest, and will cause no manifest injury to the persons owning real estate in the territory sought to be added, *he shall make an order declaring said territory a part of the corporate limits thereof, and subject to the laws and ordinances pertaining thereto.*" (See section 1.)

This statute was amended in 1886, and since February 27, 1886, it has read as follows:

"He [the district judge] shall proceed to hear testimony as to the advisability of making such addition; and upon such hearing, if he shall be satisfied that the adding of such territory to the city will be to its interest, and will cause no manifest injury to the persons owning real estate in the territory sought to be added, *he shall so find; and thereupon the city council of said city may add such territory to said city by an ordinance providing for the same.*"

The portion of the statute changed and amended we have put in italics.

Section 4 of the act of 1885, which has not been repealed or modified, unless the same has been so done by implication, reads as follows:

"SEC. 4. Any person feeling himself aggrieved by the order

of such judge, may appeal from such order to the district court of the county in which such city is located, by filing in the office of the clerk of the district court, within ten days after such order is filed in said clerk's office, a bond conditioned for the payment of costs."

It will be seen from an inspection of this section that the appeal given by it is only from an "order" of the district judge, and not from any mere finding or findings of such judge; and the appeal can be taken only by filing such "order" with the clerk of the district court and by giving bond, etc. When this section was first enacted an appeal might have been taken under it, because under the statutes as they were then enacted the district judge did have power to make an *order* declaring the territory proposed to be added to the city a part of the corporate limits of the city; but under the law of 1886, which now governs, no such order nor any order is permitted to be made by the district judge. He now makes only a *finding* or *findings,* and leaves it for the city council to determine whether the territory proposed to be added to the city shall be added to it or not. There has never been any statute in existence in Kansas authorizing an appeal from the mere findings of a district judge, and hence the supposed appeal of Steele and Steele from the district judge to the district court in the present case was a nullity. But there are still other and further difficulties in the way. As there is no statute at the present time authorizing either the district judge or the district court to make any order or render any judgment adding any territory to the city, and as no such order was in fact made or attempted to be made in the present case, and as no such judgment was rendered or attempted to be rendered in the present case, no appeal of any kind could possibly have been taken in the present case from the district judge or from the district court to the supreme court. We suppose that it will not be claimed that this is a criminal proceeding, or that any appeal could be taken in a case like this under the statutes relating to criminal procedure. Hence we must look exclusively to the statutes relating to civil pro-

cedure, and the only statutes that can possibly have any application to this question are §§ 542 and 543 of the civil code, which are as follows:

"SEC. 542. The supreme court may reverse, vacate or modify a judgment of the district court for errors appearing on the record; and in the reversal of such judgment or order, may reverse, vacate or modify any intermediate order involving the merits of the action, or any portion thereof. The supreme court may also reverse, vacate or modify any of the following orders of the district court, or a judge thereof: First, a final order. Second, an order that grants or refuses a continuance; discharges, vacates or modifies a provisional remedy; or grants, refuses, vacates or modifies an injunction; that grants or refuses a new trial; or that confirms or refuses to confirm the report of a referee; or that sustains or overrules a demurrer. Third, an order that involves the merits of an action, or some part thereof.

"SEC. 543. An order affecting a substantial right in an action when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding, or upon a summary application in an action after judgment, is a final order, which may be vacated, modified, or reversed, as provided in this article."

It will be seen from an inspection of these sections that no appeal or petition in error is given from either the district judge or the district court to the supreme court, except from an *order* made, or a *judgment* rendered by such district judge or district court. Hence the supposed appeal by Steele and Steele from the findings of the district judge or from the findings of the district court to this court, is a nullity. No such appeal is possible under the laws of Kansas as they now exist.

This case will be dismissed from this court.

All the Justices concurring.