CITY OF SEWARD, APPELLEE, v. JOHN CONROY ET AL., APPELLANTS.

[FILED NOVEMBER 18, 1891.]

1. Cities: ANNEXING TERRITORY: ACTION OF COUNCIL. Where a city of the second class desires to annex contiguous territory, upon the ground of material benefits and advantages to be derived from such annexation, the first step in the proceeding is the adoption by the city council of a resolution to annex such territory by a two-thirds vote of all the members elect of such council, and without this the district court has no authority in the premises.

2. Review. Where the record which purports to contain all the evidence fails to show that a certain resolution on which the action is based was introduced in evidence, or its admission waived, the court in considering the case must be governed by the record.

APPEAL from the district court for Seward county. Heard below before HARRISON, J.

*Norval Bros. & Lowley,* for appellants, contending that the burden was upon the city to establish the facts as to the resolution: *Hassett v. Curtis,* 20 Neb., 162; *Donovan v. Fowler,* 17 Id., 247; Maxwell's Pl. & Pr., 127; *Garrison v. Aultman,* 20 Neb., 311; *Aultman v. Leahey,* 24 Id., 289; *Plummer v. Shellhorn,* Id., 535.

*Ed. P. Smith,* and *D. C. McKillip, contra,* cited: Maxwell's Pl. & Pr., pp. 128, 130; *Guthman v. Guthman,* 18

Neb., 105; *Natl. Ins. Co. v. Robinson,* 8 Id., 452; Bliss, Code Pl., sec. 409; 1 Chitty, Code Pl., 448; *Meunch v. Breitenbach,* 41 Ia., 527; *Goodhue v. Daniels,* 54 Id., 19; *McLimans v. Lancaster,* 23 N. W. Rep. [Wis.], 690; *People v. Crook,* 53 N. Y., 648; *Bulkley v. Big Muddy Iron Co.,* 77 Mo., 105; *Mills v. Miller,* 2 Neb., 314; *Maxwell v. Wayne Circuit Judge,* 26 N. W. Rep. [Mich.], 824; *Gott v. Brigham,* 2 Id., 6; *Gregory v. Lincoln,* 13 Neb., 352; *S. Platte L. Co. v. Buffalo Co.,* 15 Id., 605; *Grand Rapids, etc., R. Co. v. Gray,* 38 Mich., 461; *Goodrich v. Omaha,* 11 Neb., 204; *Armitage v. Sullivan,* 29 N. W. Rep. [Ia.], 399; *Evans v. Enloe,* 26 N. W. Rep. [Wis.], 170; *Babcock v. Bd. of Equalization,* 21 N. W. Rep. [Ia.], 207; *Rheiner v. R. & Tr. Co.,* 17 N. W. Rep. [Me.], 623; *Bryant v. Estabrook,* 16 Neb., 217; *Gorham v. Whitney,* 17 N. W. Rep. [Mich.], 252.

MAXWELL, J.

This action was brought in the district court of Seward county by the plaintiff against the defendants named and a large number of other owners of real estate near the city of Seward, for the purpose of extending the limits of the city by taking in lands owned by the defendants.

It is alleged in the petition, in substance, that Seward is, and at the time stated was, a city of the second class, duly organized; that on the 4th of October, 1887, at an adjourned meeting of the city council duly held on the said day in said city, the following resolution was duly adopted by a two-thirds vote of said city council, to-wit:

"WHEREAS, The territory hereinafter described is situate contiguous to the corporate city of Seward, Nebraska, and a large portion of which territory is subdivided into parcels of ten acres or less; and

"WHEREAS, It would be materially beneficial and advantageous to said city to have the same annexed thereto, therefore,

"*Resolved*, That it is the sense of this council that the contiguous territory hereinafter described be annexed to and become a part of the corporate city of Seward, Seward county, Nebraska. And be it further resolved and ordered that the city attorney be, and is hereby, instructed to prepare and present to the district court of Seward county, Nebraska, at the next term thereof, a petition in the manner prescribed by law, in the name of said city, praying that said territory be annexed to and become a part of the city of Seward, Nebraska, said territory being bounded and described as follows, to-wit:

"Commencing at the southwest corner of the city of Seward, Nebraska, and running thence due south to the south quarter corner of section 20, town 11, range 3 east; thence east on the south line of said section 20 to the southwest corner of section 21, town 11, range 3 east; thence east along the south line of said section 21, 1,950 feet, more or less, to where said line intersects the center of the channel of Blue river; thence in a southerly direction along the center of said river 720 feet, more or less, to a point where said river is not intersected by the boundary of the present Seward city limits; thence following along the southerly boundary of said city back to the point of beginning. Also commencing at the quarter corner between sections 21 and 28, town 11, range 3 east, and running thence east on the line between said sections 21 and 28, 287 feet; thence north on a line parallel with and 287 feet east of the north and south half section line through said section 21 to an intersection with the north line of said section 21; thence west 287 feet to the quarter corner between said sections 21 and 16, town 11, range 3 east; thence north along the north and south half section line through said section 16, 1,350 feet; thence west to an intersection with west line of section 16, at a point 1,320 feet north of the southwest corner of said section 16 to the southwest corner of said section 16, 1,320 feet;

thence west along the line between sections 17 and 20, town 11, range 3 east, to the northwest corner of the northwest corner of the northeast quarter of the northeast quarter of said section 20, 1,320 feet; thence south along the west line of said northeast quarter of the northeast quarter of said section 20 to an intersection with the north line of the city of Seward, Nebraska, as at present bounded, and thence following back along the north and east boundaries of the city of Seward to the place of beginning."

The vote upon the adoption of said resolution by said city council was as follows, to-wit: Those voting in favor of the adoption of said resolution : Mulfinger, Goehner, and Betzer—three votes "Yea"; and those voting against said resolution was Councilman Pence—one vote "Nay"; whereupon said resolution was then declared adopted, two thirds having voted in favor thereof, which said resolution, together with the vote thereon, was by G. F. Dickman, clerk of said city, by order of said council, duly spread upon the records of said council.

Two of the defendants, Jones and Moffett, filed separate answers, in which they admit that Seward is a city of the second class; that the persons named as officers of the city are such officers and that the defendants are the owners of the portions of land set forth in the petition, but deny all other allegations.   Green and a number of other defendants joined in an answer substantially the same as that of Jones and Moffett.

The defendants below allege in substance that the lands owned by them are agricultural lands upon which they reside; that such lands are not held for purposes of speculation or to divide up in city lots or separate tracts for sale, but are held by each of said defendants as a home, etc.

On the trial of the cause the court found the issues in favor of all the defendants except Jones, Green, and Moffit, who answered, and against some of the others who had made default.

31

The action is brought under the provisions of section 99, chapter 14, Compiled Statutes, which reads as follows: "When any city or village shall desire to annex to its corporate limits any contiguous territory, whether such territory be in fact subdivided into tracts or parcels of ten acres or less, or be not so subdivided, the council or board of trustees of said corporation shall vote upon the question of such annexation, and if a resolution to annex such territory, describing the same in general terms, be adopted by two-thirds vote of all the members elect of such council or board of trustees, said resolution, and the vote thereon, shall be spread upon the records of said council or board. Said city or village may thereupon present to the district court of the county in which such territory lies a petition praying for the annexation of such territory, together with an accurate plat or map of the same, showing the subdivisions of said territory, if it be so subdivided, and its relative position to such a city or village; and such petition shall set forth the resolution of said council or board of trustees for annexation of the same, and the vote thereon, and also the names of the various owners of said territory, if there be more than one such owner, and shall also set forth the material benefits and advantages to be derived from such annexation. A notice of the filing of said petition shall be served upon the owner or owners of said adjacent territory in the same manner as a summons in civil actions, and in case said owner or owners be non-residents of the state, said notice shall be published in the manner provided for service by publication in civil actions. Issues shall be joined and the cause tried in the same manner, as nearly as may be, as provided for trial of causes under the Code of Civil Procedure, except that no judgment for costs shall be rendered against any defendant who does not make any defense. If the court finds the allegations of the petition to be true, and that such territory, or any part thereof, would receive

material benefit by its annexation to such corporation, or that justice and equity require such annexation of said territory or any part thereof, a decree shall be entered accordingly; and a copy of the decree of said court duly certified under the seal thereof, together with a plat of the territory with a proper description thereof so decreed to be annexed, and in case the same is already subdivided, showing the same subdivided into blocks and lots to correspond as near as may be with the fact, and as near as may be with the lots, blocks, and streets of the adjacent city or village, and corresponding as near as may be to the provisions of said act, under the title of 'City and Village Plats,' shall be filed and recorded in the office of the county clerk or recorder of the county in which such territory lies, and from the time of filing of such decree and plat, the territory therein described shall be included in and become a part of such city or village, and the inhabitants thereof shall receive the benefits of and be subject to the ordinances and regulations of such city or village; *Provided,* That appeals may be taken from the proceedings aforesaid in the district court, as in other civil cases, but notice of appeal must be given immediately on the entering of the decree in said district court, and the filing of the said decree and plat in the county clerk's office shall be stayed to abide the event of such appeal, and in case such appeal be not perfected, said corporation may file said decree and plat as hereinbefore provided for, without being prejudiced by lapse of time. On the filing of such decree and plat the council or board of trustees shall pass an ordinance declaring such territory to be annexed to such city or village, and extending the corporate limits thereof accordingly, and file a certified copy of the same in the clerk's office."

It will be seen that the first step in the proceedings is the adoption of a resolution by the city council. The language is, "When any city or village shall desire to annex to its corporate limits any contiguous territory,    *    *    *

the council or board of trustees of said corporation shall vote upon the question of such annexation, and if a resolution to annex such territory, describing the same in general terms, be adopted by a two-thirds vote of all the members elect of said council or board of trustees, * * * said city may thereupon present to the district court," etc., "a petition praying for the annexation of such territory." The adoption of the resolution therefore is the first step in the proceedings, without which the district court has no jurisdiction whatever. It is denied in the answers of the defendants that any such resolution was adopted by the city council, and there is no proof of it in the record.

It is claimed that the passage of the resolution was admitted on the trial. If so, the record fails to show such admission. This court must be governed by the record as sent up from the court below. That, when duly certified, is presumed to contain all the evidence. If through some mistake or oversight it does not, this court cannot allow presumptions of fact to take the place of evidence. The question of the resolution does not appear to have been raised in the court below; nevertheless it was not, so far as this record discloses, introduced in evidence, nor was its existence admitted. This being so, the court had no proof before it to justify its decree.

The question of the authority of the court to act in the premises was determined by this court in *Wahoo v. Dickinson*, 23 Neb., 426. In that case the record showed a resolution as the foundation of the action and it was sustained; but we have no such record. The judgment is therefore reversed and the action dismissed.

REVERSED AND DISMISSED.

COBB, CH. J., concurs.

NORVAL, J., did not sit, and took no part in the decision.