CITY OF WAHOO, APPELLEE, v. NATHAN D. THARP ET AL., APPELLANTS.

FILED JUNE 21, 1895.   NO. 5758.

1. **Towns and Villages:** EXTENSION OF BOUNDARIES. The boundaries of a town or village may, under the provisions of section 99, chapter 14, Compiled Statutes, be extended so as to include adjacent lands, provided said territory is in such close proximity to the platted portion as to have some unity of interest therewith in the maintenance of municipal government. (*State v. Dimond*, 44 Neb., 154.)

2. ———: ANNEXATION OF TERRITORY: EVIDENCE. Evidence examined, and *held* to sustain the judgment of the district court. annexing certain adjacent lots and subdivisions of land to a city of the second class.

APPEAL from the district court of Saunders county. Heard below before BATES, J.

*Good & Good* and *Simpson & Sornborger*, for appellants.

*H. Gilkeson, contra.*

POST, J.

This was a proceeding in the district court of Saunders county by the city of Wahoo, under the provisions of section 99, chapter 14, Compiled Statutes, having for its object the annexation to said city of certain adjacent lots and subdivisions of land. The basis of the proceeding is a resolution of the city council, wherein is recited that "it is deemed by the city of Wahoo to be advisable and for the best interests of said city that said contiguous territory be annexed to and made a part of the city of Wahoo; that we demand as of right the annexation to said city of the contiguous territory described as follows: * * * ." Upon the adoption of said resolution a petition was presented to the district court by the city, praying for an order extending its boundaries so as to include the lots and subdivisions therein described and alleging, as grounds therefor, that "said property, or a large part thereof, is laid out and platted into building lots, and largely occupied by residents thereon, who, if annexed as prayed, will receive the police protection and the protection of the fire department of said city; * * * that the lands and lots aforesaid contiguous to the plaintiff have been greatly enhanced in value by reason of their proximity to said city, but that the owners and residents thereon have not borne any of the expenses and burdens incident to the city government, although deriving great advantage therefrom." The numerous answers contain substantially the same allegations, viz., that the several lots and subdivisions are used for the purpose of agriculture, pasture, and gardening; that they would be in

nowise benefited by being annexed to said city, and that it would be inequitable and unjust to charge the owners and residents thereof with the expenses of city government. It is also alleged that in the year 1887 a like proceeding was had by the city for the purpose of annexing the same territory; that the city therein alleged the same facts as are now charged, and that said allegations were all put in issue by answers as in this case; that upon final hearing the issues were all determined in favor of the defendants, and the petition dismissed at the cost of the city, which judgment has never been reversed or modified. The city, by way of reply, admitted the former proceeding and judgment, but alleged that subsequent to the date of said judgment the city has constructed an extensive and complete system of water-works, ample for the supply and protection of the city and the territory sought to be annexed; that it has since said date extended its streets, sidewalks, and cross-walks to and in the near proximity to said territory; that it has within said time extended its street lights to the vicinity of said property at great expense, and that the population of said city has, during said period, greatly increased. A hearing was had, resulting in a general finding for the city, and a judgment thereon, from which the defendants have prosecuted an appeal to this court.

As the principal reliance of the appellants is upon the former judgment it is pertinent to inquire what is the effect of the allegations of the pleadings so far as they relate to that subject. It is conceded that the doctrine of estoppel by judgment is applicable to the case at bar, provided the present conditions are substantially the same as those existing at the date of the judgment relied upon. It seems, therefore, that the answer is sufficient as a plea of *res judicata*. The allegations of the reply amount to no more than a denial of the plea of the answer, leaving the burden of that issue upon the defendants.

It is shown by the plat accompanying the record that the

tracts of land in question are lots ranging in size from one and a half to eight acres, all adjoining the city and contiguous to platted additions thereto. The evidence adduced on the part of the city tends to prove that subsequent to the former judgment it has constructed a system of waterworks, including four or five miles of mains, with forty-seven fire hydrants; that it has the customary fire department which is supplied with carts, hose, etc., and that the buildings situated on said lots are, with few exceptions, within the protection afforded thereby; that there has been a considerable increase of the city's population, resulting in an extension of the streets and sidewalks, which are in constant use by the owners and residents of said tracts. Some of the foregoing propositions are controverted by the defendants, but the court evidently found that the former judgment was based upon conditions substantially different from those disclosed by the proofs, and that conclusion has ample support in the record. It was held in *State v. Dimond*, 44 Neb., 154, that lands adjacent to a town or village may be incorporated therewith, provided they are in such close proximity to the platted portions as to have some unity of interest in the maintenance of municipal government, and such, judging by the record, is the rule which was recognized by the district court.

It is argued that there is no competent evidence of the adoption of the necessary resolution by the city council. The record introduced in evidence over the objection of the defendants shows the adoption of a resolution in due form, but it is contended that there was no foundation therefor, since it does not appear that the meeting in question was a regular one, or, if a special meeting, that it was called in the manner prescribed by law; but by reference to the record of said meeting we observe: "The council met in regular session. On roll call the following members were found to be present." We can conceive of no foundation which could be laid to add authenticity to the record re-

quired by law to be kept, and which is the best, if not the only, evidence of the proceedings of the city council. There being no error apparent from the record the judgment will be

AFFIRMED.