Wilcox *v.* The City of Tipton *et al.*

Filed January 9, 1896.

---

No. 17,444.

## WILCOX *v.* THE CITY OF TIPTON ET AL.

MUNICIPAL CORPORATION. — *City.* — *Annexation of Territory.* — *Amended Petition on Appeal, Excluding Certain Territory Included in Original Petition.*—Petitioners for the annexation of certain territory to a given city may be permitted on appeal to the circuit court, from an order of annexation by the commissioners' court, to file an amended petition excluding certain territory included in the original petition, under section 4224 *et seq.*, R. S. 1894, giving the right of appeal to the former court and providing that such appeal shall be tried and determined as an original cause.

SAME.—*City.—Annexation of Territory.—Appeal from Commissioners' Court.—Injunction.—Answer.—Notice.—Jurisdiction.*—An answer in an action to enjoin the annexation of plaintiff's territory to defendant city need not allege notice to plaintiff of an appeal from an order of annexation by the commissioners' court to the circuit court, where the jurisdiction of the latter court over the person of plaintiff was not questioned by the complaint.

EVIDENCE.—*Annexation of Territory to City.—Appeal Bonds.— Harmless Error.*—The admission in evidence in an action to enjoin the annexation of certain territory to a given city of the bonds given by certain parties on appeal to the circuit court from an order of annexation by the commissioners' court, upon which appeal the lands of such parties were omitted from the petition describing the land to be annexed, is not prejudicial to plaintiff.

From the Tipton Circuit Court.

VOL. 143—16

*Oglebay & Oglebay* and *Fippen & Purvis*, for appellant.

*Beauchamp & Mount*, for appellees.

HACKNEY, J.—This was a suit by the appellant against the appellees, the city of Tipton and its officers, to enjoin the enforcement of a decree of the Tipton Circuit Court annexing certain territory to said city. The complaint alleges certain proceedings before, and an order of annexation by, the board of commissioners of Tipton county; that said order was void for the reasons that no map of the territory was filed with the petition; that no accurate description by metes and bounds of the territory was presented to the board and accompanied by a plat, and that thirty days' notice by publication, containing a description of the territory, was not given of the intended petition. It is further alleged that Harrison A. Woodruff and James E. Roberts, respectively, owned lands sought to be annexed by said proceeding and the order of said board; that they filed with, and to the approval of, the county auditor, within thirty days from the rendition of said order, an appeal bond, and in all things, as provided by law, appealed from said order to the Tipton Circuit Court; that in said court the city of Tipton filed an amended petition, in which it omitted all of the property of said Woodruff and Roberts originally sought, and by the board ordered, to be annexed; that thereupon the circuit court approved the petition, made an order of annexation as to the lands included in the amended petition, and directed a certificate of the order to said auditor and to the recorder of the county. Upon the theory that the amended petition was an original proceeding requiring the action of the city and of the board of commissioners before the circuit court could acquire jurisdiction, it was

alleged in detail that none of the steps preliminary to the jurisdiction of the circuit court were taken upon the question of the annexation of the lands described in said amended petition, disconnected from the said lands of Woodruff and Roberts, from which facts, it was alleged, that the order of the circuit court was void. The complaint also alleged the appellant's ownership of a portion of the lands attempted to be annexed by the orders of the board of commissioners and of the circuit court, and that the appellees were proceeding to carry out the orders of the circuit court and to subject his property to taxation as within the corporate limits of said city.    The appellees answered specially and the court overruled the appellant's demurrer to said answer. There was a trial, finding and judgment for the appellees.    The errors assigned are in the overruling of said demurrer and in denying the appellant a new trial.

The answer alleged that the petition filed with the commissioners was in the words of the amended petition, omitting the lands of Woodruff and Roberts; that said petition and the amended petition were filed by order of the common council of the city of Tipton; that notice of the intended petition was published, including a description of the lands described in the petition; that the appellant was present in the court remonstrating against the proposed annexation; that the court heard evidence and inspected a map of the lands so proposed to be annexed, and granted the petition and ordered the annexation, "from which judgment of the annexation, Harrison A. Woodruff and James E. Roberts, owners of land described in said petition and included in the territory sought to be annexed by said order, did file their appeal bond and prayed an appeal to the Tipton Circuit Court, and which appeal was granted and perfected."    It is alleged, substantially as alleged in the

complaint, that the petition was amended in the circuit court, and that after a hearing the court ordered the annexation of the property described in the amended petition.

Two questions are discussed by the appellant's counsel in their objections to the sufficiency of the answer: First, that it is not alleged that the appellant was notified of the appeal; and, second, that the circuit court had no jurisdiction to order the annexation of territory less extensive than that for which notice was given, for which the original petition prayed, and that ordered by the board of commissioners to be annexed.

To correctly consider the force and effect of the answer, it is essential that we keep in view the theory of the complaint, for it cannot reasonably be contended that the rules of pleading require the answer to respond to a broader or different theory than that upon which the cause of action is based, as outlined by the complaint. The theory of the complaint, as we understand it, was that the order of annexation by the board of commissioners was void, first, for the want of notice of the petition as required by law; second, because a map of the territory was not filed with the petition, and, third, because the city did not present to the board an accurate description, by metes and bounds, accompanied by a plat of the territory. The first denies jurisdiction of the person, the second and third attempt to deny jurisdiction of the subject-matter. We do not stop to inquire if properly these allegations do assail the jurisdiction of the board over the subject-matter, but it may be questioned whether they do not relate to the procedure, which, as held in *Stilz* v. *City of Indianapolis*, 55 Ind. 515, should be liberally construed.

The further theory of the complaint is that the circuit court had no such jurisdiction of the subject-matter

Wilcox *v.* The City of Tipton *et al.*

as to order the annexation of a smaller territory than that annexed by the board. As to jurisdiction of the circuit court over the person of the appellant, the complaint is silent, and therefore raises no question. Having thus ascertained the theory of the complaint, we will look to the answer, not to ascertain whether it meets fully the theory of the complaint, but whether the objections of the appellant thereto are available. The first objection to the answer, as we have shown, was that it did not allege notice to the appellant of the appeal from the commissioners' court. This objection is not available, for the reason that, as we have shown, the jurisdiction of the circuit court over the person of the appellant was not made a question by the complaint, and therefore required no support from the answer. The courts indulge all reasonable presumptions in favor of jurisdiction, and, that we should require an answer to support the jurisdiction not questioned, would certainly strike down this salutary rule.

The remaining question upon the answer is, did the circuit court exceed its jurisdiction in permitting the petitioners to file an amended petition, embracing a less extensive territory than that upon which the board acted, and in adjudging that such less territory should be annexed to the city? In affirming the proposition that the circuit court did exceed its jurisdiction, counsel for the appellant cite *City of Peru* v. *Bearss*, 55 Ind. 576, and *Windman* v. *City of Vincennes*, 58 Ind. 480. The first of these cases holds that the statute then authorizing the annexation of territory, without the consent of the owner of the lands, implied the concurrence of the common council and the board of commissioners in the conclusion that such territory should be annexed, and that the board had no power nor discretion to grant the petition of the city in part and deny it in

part. It was held in each of the cases cited that proceedings for the annexation of territory should be in strict conformity to the statute.

When the cases referred to were decided, there was no right of appeal from the decision of the board of commissioners. We now have a statute granting the right of appeal and providing that "the appeal shall be tried and determined as an original cause." R. S. 1894, section 4224, *et seq.*; R. S. 1881, section 3243, *et seq.* It has been settled by this court that such proceedings, on appeal to the circuit court, are tried *de novo.* *Chandler* v. *City of Kokomo,* 137 Ind. 295, and cases there cited. If to the practice in the circuit court we should apply the rule of the case of *City of Peru* v. *Bearss, supra,* we would find that there must be a concurrence of the city and of the court in the conclusion that the territory described in the petition should be annexed, before a valid order of annexation could be made.

In the present case it is not objected that the order of annexation is not, as to the territory described in the petition, according to the concurring desire of the common council and decision of the circuit court, but it is objected that the circuit court permitted the petition to be amended, so as to include less territory, and that such less territory was ordered annexed. As to the practice in the circuit court, upon the subject of amendments to the petition in annexation proceedings, the statute and decisions of this court are silent. The appellant insists, and correctly, we think, that in the absence of special statutory provision, the general practice, as prescribed by the code should prevail. This general rule has been observed with reference to drainage proceedings. See *Crume* v. *Wilson,* 104 Ind. 583. The code provides for the amendment of pleadings both

as a matter of right and as within the discretion of the court.    R. S. 1894, section 397 ; R. S. 1881, section 394.    In exact analogy to the question before us it has frequently been held in highway and drainage proceedings pending on appeal in the circuit court, that the petition could properly be amended even to the changing of the line of route, or as to a jurisdictional matter. *Coolman* v. *Fleming*, 82 Ind. 117 ; *Burns* v. *Simmons*, 101 Ind. 557 ; *Metty* v. *Marsh*, 124 Ind. 18 ; *McKeen* v. *Porter*, 134 Ind. 483.

If the amendment had introduced new lands, the owners of which had not been brought into court in the manner provided by law, we would have another question than that before us, but since the amendment only omitted a part of the lands originally included, we are unable to see who is harmed by it, or why it should be regarded as an abuse of discretion to permit the amendment.    If the city, upon whose petition the annexation was sought, was satisfied with the extent of territory included in the amended petition, and if the court was satisfied that such territory should be annexed, the rule of the case of *City of Peru* v. *Bearss*, *supra*, has been met, and the appellant has not been prejudiced.    We conclude that the answer was not bad for any of the reasons urged against it, but we desire to say that our conclusion has not been reached by any assistance from appellee's counsel who, though they filed a lengthy brief, did not discuss or attempt to support the answer.

In discussing the alleged error of the lower court, in overruling his motion for a new trial, appellant's counsel proceed upon the theory advanced by them in argument of their objections to the answer of the appellee. It is claimed that, as disclosed by the evidence, Woodruff and Roberts were the only appellants from the judgment of the board ; that this appellant was not an

appellee in the circuit court, nor a party to the case there for the want of notice. As we have shown, the question of notice, or the jurisdiction of the circuit court over the person of this appellant, was not made an issue by the pleadings in this case, and the presence or absence of evidence cannot be considered with reference to any such issue.

When we have decided that it was proper practice in the circuit court to permit the amendment to the petition, the argument with reference to the variation in descriptions of territory, as contained in the original notice and petition, and the amended petition and order of annexation, is of no force in determining whether the circuit court had jurisdiction to make such order. The only question arising upon the motion for a new trial, and not involved in the conclusion already reached by us, was that the court, as appellant insists, erred in admitting in evidence the appeal bond of Woodruff and Roberts. If error, it was certainly not prejudicial to the rights of the appellant.

No available error having been presented by the record, the judgment is affirmed.

