Paul *v.* The Town of Walkerton.

---

### PAUL *v.* THE TOWN OF WALKERTON.

[No. 18,358. Filed May 24, 1898.]

MUNICIPAL CORPORATIONS.—*Annexation of Territory.—Petition.— Sufficiency.*—A petition for the annexation of territory to a town, which shows that many persons in the territory sought to be annexed have been receiving the benefits and advantages of the town, without bearing their share of its burdens, and that public interests require that said territory be annexed, and that it is just and equitable, and for the public good, that said petition be granted is sufficient. *pp. 566, 567.*

SAME.— *Annexation of Territory.— Appeal.—Trial De Novo.— Doctrine of Practical Construction.—Stare Decisis.*—The provision of section 4226, Burns' R. S. 1894, that an appeal from the board of county commissioners in a proceeding for the annexation of contiguous territory to a city or town shall be tried *de novo*, is constitutional, under the doctrine of practical construction and the rule of *stare decisis. 568-575.*

From the St. Joseph Circuit Court. *Reversed.*

*Jacob D. Henderson, Stuart McKibbin* and *Francis M. Jackson,* for appellant

*Walter Funk* and *A. L. Brick,* for appellee.

MONKS, J.—This proceeding was brought before the board of commissioners of St. Joseph county, under sections 4426-4427, Burns' R. S. 1894 (3389-3390, Hor-

ner's R. S. 1897), to annex certain unplatted territory to the town of Walkerton. Appellant appeared before the board and filed a remonstrance. A trial of said cause resulted in a finding and judgment by the board that said territory be annexed. Appellant appealed to the circuit court, where the cause was heard by a jury, and a verdict returned against appellant by direction of the court, and over a motion for a new trial, judgment was rendered that said territory be annexed.

The errors assigned and not waived call in question the sufficiency of the petition to annex said territory, and the action of the court in overruling appellant's motion for a new trial.

The petition sets forth the following as the reasons for asking for such annexation: "First. That the inhabitants of said territory and the persons who own the same enjoy all or many of the privileges of living within the said town, without paying any taxes therefor, although their lands are largely increased in value by reason of their proximity to the said town; that much of said territory is thickly settled and built up with homes and valuable improvements and railroad tracks, and that they have derived great income and benefit from the said town and have become very valuable by reason of adjoining the said town; that said territory requires police surveillance which can be better secured by a municipal control; that a highway passes through portions of such territory on which there is much travel, and requiring by reason thereof to be kept in better order than at present kept in; that there are present, streets in the said town that have no outlet, but end at the corporate limits, as now existing, and cannot be extended through any of said territory where needed, and none can be procured, however much they may be needed by the pub-

lic, and however much they may be of public utility and benefit. Second. That the present limits of the town of Walkerton are in an irregular shape, and that the annexation of the proposed lands will make the limits of the said town more regular. That one reason for annexing this territory is to make the plat of the said town uniform, regular for description upon the tax duplicates of the said county. Third. That in view of all the facts set forth and that the inhabitants of the said tract of land enjoy the benefit of living within the said corporation, and having been gaining revenues therefrom, and have and enjoy valuable property and improvements thereon, and are at the same time exempt from the burden and costs of maintaining the town government while enjoying its privileges and advantages, and the increase of the value of the real estate by reason of its proximity to the said town, and also that some of the inhabitants and occupants of the said territory proposed to be annexed, are now reaping advantages from the said town, without bearing any of its burdens in the way of furnishing the said town with railroad conveyance and railroad facilities, and the fact of the town having been their patrons for fifteen years or more, and for other reasons and things, and that they have full and free use of the school and the police and fire departments of the said town, without bearing any of the burdens of it, and also of the streets of the said town."

The petition shows that many persons in said territory have been receiving the benefits and advantages of the town without bearing their share of its burdens and that public interests require that said territory be annexed, and that it is just and equitable and for the public good that said petition be granted. Said petition is clearly sufficient under the decisions of this court. *Elston* v. *Board of Trustees of Craw-*

*fordsville*, 20 Ind. 272; *Catterlin* v. *City of Frankfort*, 87 Ind. 45, 52-53; *Chandler* v. *City of Kokomo*, 137 Ind. 295.

The motion for a new trial assigned a number of reasons why the same should be granted, a part of which relate to the exclusion of evidence offered by appellant, and a part to the giving and refusal to give instructions.   Among the causes assigned for a new trial were the following:   That the court erred in directing the jury to return a verdict in favor of the appellee, and that the verdict of the jury was contrary to law, and contrary to the evidence.   The only evidence given by appellee at the trial of said cause was as to the regularity of the proceedings before the board of commissioners.   No evidence was given to support or prove any of the reasons set forth in the petition for annexation, or any allegation contained in said petition, except that said territory was contiguous to said town, and that the same was unplatted.   The court also excluded all evidence in support of the remonstrance.   It is stated in the briefs that the trial court directed the verdict of the jury, and excluded the evidence offered by appellant, upon the theory that under the law as it is administered in this State, the annexation of territory to a town or city is a legislative and not a judicial function; and that the act of the board of commissioners in granting the prayer of a petition for annexation or refusing the same, is one of legislative discretion; and that for that reason it was not proper to give any evidence on the trial in the circuit court, either to sustain or contradict the grounds set forth in the petition for annexation.

The legislature in this State has provided by general laws for the incorporation of towns and cities, and for the annexation of contiguous territory to the same when incorporated.   The power to hear and de-

termine applications for the incorporation of towns and cities, and for the annexation of contiguous un-platted territory has been vested in the boards of commissioners, and, on appeal from said boards, in the courts.

Counsel for appellee insist that the enlargement of municipal bodies is a political question to be determined by the legislature, and not judicial to be determined by the courts, and that while the legislature may, by general laws, confer such power upon boards of commissioners, as has been done in this State, it cannot confer upon courts the power to adjudge or decree the annexation of contiguous territory to a municipality, for the reason that under our constitution legislative power cannot be delegated to the courts.

It is true that the power to create, enlarge, and regulate municipal corporations is a legislative power. But general laws authorizing the common councils of cities, and the boards of trustees of towns by resolution, without notice to anyone, to annex contiguous territory which has been platted into lots and the plat recorded, have been upheld. *Mayor, etc.,* v. *Weems,* 5 Ind. 547, 549; *Elston* v. *Board of Trustees of Crawfordsville, supra,* 275; *City of Evansville* v. *Page,* 23 Ind. 525; *Edmunds* v. *Gookins,* 24 Ind. 169; *Taylor* v. *City of Fort Wayne,* 47 Ind. 274, 283; *Stilz* v. *City of Indianapolis,* 55 Ind. 515; *City of Indianapolis* v. *Patterson,* 112 Ind. 344, 347, and cases cited; *Collins* v. *City of New Albany,* 59 Ind. 396; *Mullikin* v. *City of Bloomington,* 72 Ind. 161; *Strosser* v. *City of Ft. Wayne,* 100 Ind. 443, 446; *Glover* v. *City of Terre Haute,* 129 Ind. 593. See, also, *Tilford* v. *City of Olathe,* 44 Kans. 721, 25 Pac. 223; *City of Emporia* v. *Smith,* 42 Kans. 433, 22 Pac. 616; *Kelly* v. *Meeks,* 87 Mo. 396; *Copeland* v. *City of St. Joseph,* 126 Mo. 417, 29 S. W. 281; *Blanchard* v. *Bissell,* 11 Ohio St.

96; 1 Dillon on Municipal Corp. (4th ed.), sections 183, 185; 1 Beach on Pub. Corp., sections 399, 406, 408.

General laws, providing the conditions upon which contiguous territory can be annexed, and the mode of procedure, and vesting the power in boards of commissioners and courts to hear and determine the same and order or refuse such annexation, have also been, as we think, correctly upheld. *City of Wahoo* v. *Dickinson,* 23 Neb. 426, 36 N. W. 813; *City of Seward* v. *Conroy,* 33 Neb. 430, 50 N. W. 329; *City of Wahoo* v. *Tharp,* 45 Neb. 563, 63 N. W. 840; *Callen* v. *Junction City,* 43 Kans. 627, 23 Pac. 651; *Callen* v. *Junction City,* 41 Kans. 466, 21 Pac. 647; *Steele* v. *City of Newton,* 41 Kans. 512, 21 Pac. 644; *Hurla* v. *Kansas City,* 46 Kans. 738, 27 Pac. 143; *City of Burlington* v. *Leebrick,* 43 Iowa 252; *Kayser* v. *Trustees of Bremen,* 16 Mo. 881; *State, ex rel.,* v. *Weatherby,* 45 Mo. 17; *State, ex rel.,* v. *Wilcox,* 45 Mo. 458; *Lammert* v. *Lidwell,* 62 Mo. 188, 21 Am. Rep. 411; *Blanchard* v. *Bissell, supra; Gunter* v. *Fayetteville,* 56 Ark. 202, 19 S. W. 577; *Vogel* v. *Little Rock,* 55 Ark. 609, 19 S. W. 13; *Vestal* v. *Little Rock,* 54 Ark. 321, 15 S. W. 891; *Foreman* v. *Town of Marianna,* 43 Ark. 324; *Dodson* v. *Mayor, etc.,* 33 Ark. 508; *Forsythe* v. *City of Hammond,* 68 Fed. 774; 1 Dillon on Municipal Corp., *supra;* 1 Beach on Pub. Corp., *supra.*

The decisions of the courts upon this question are not in harmony, and among the cases cited as holding the contrary doctrine, are *City of Galesburg* v. *Hawkinson,* 75 Ill. 152; *State* v. *Simons,* 32 Minn. 540, 21 N. W. 750.

After the adoption of our present constitution, in 1851, and the enactment of statutes concerning annexation to cities and towns of unplatted territory contiguous thereto by proceedings before the boards of

commissioners, appeals were taken from boards of commissioners in such cases to the courts and there tried *de vovo* until 1871, when in the case of the *Town of Princeton* v. *Manck*, 35 Ind. 51, this court held that there was no appeal from the decision of the board of commissioners in annexation cases, for the reason that the statutes concerning annexation expressly provided that the order of the board, or an attested copy thereof, "shall be conclusive evidence in all courts of such annexation," and that therefore the general provisions for appeals from the board of commissioners did not apply to such proceedings. *Church* v. *Town of Knightstown*, 35 Ind. 177; *City of Indianapolis* v. *Sturm*, 39 Ind. 159; *Windman* v. *City of Vincennes*, 58 Ind. 480, 486; *Baltimore, etc., R. R. Co.* v. *Board, etc.*, 73 Ind. 213, 217, 218.

In 1879, however, the legislature passed an act, sections 4224-4227, Burns' R. S. 1894 (3243-3246, Horner's R. S. 1897), providing for an appeal by either party to such proceedings, since which time appeals have been taken under said act from decisions of boards of commissioners refusing to annex contiguous territory to towns and cities, as well as from decisions annexing such territory. For more than forty years this court has, under the laws authorizing the annexation of contiguous unplatted territory to towns and cities, uniformly recognized the power of the courts on appeal to hear and determine annexation cases *de novo*, and to render final judgment annexing or refusing to annex such territory without regard to the result before the board of commissioners. *Mayor, etc.,* v. *Weems, supra; Woodfill* v. *Town of Greensburgh*, 18 Ind. 203; *Elston* v. *Board of Trustees of Crawfordsville, supra; Longworth's Executors* v. *Common Council of Evansville*, 32 Ind. 322; *Catterlin* v. *City of Frankfort, supra; Chandler* v. *City of Kokomo, supra;*

*Windfall Mfg. Co.* v. *Emery*, 142 Ind. 456; *Forsythe* v. *City of Hammond*, 142 Ind. 505; *Wilcox* v. *City of Tipton*, 143 Ind. 241.

In *Forsythe* v. *City of Hammond, supra,* this court held that the board of commissioners in considering and deciding upon the petition, acts in a judicial capacity, and that the legislature had provided for an appeal from such decision of the board to the courts. In said case, the petition to annex contiguous unplatted territory had been refused by the board of commissioners, and the city appealed to the circuit court, where the same was heard *de novo* by the court and jury, and a verdict returned in favor of the petition for annexation, and judgment was rendered by the circuit court annexing said territory, and said judgment was affirmed on appeal to this court. It is there said, on pp. 516-517: "It may be conceded that annexation of territory to a city is a legislative function. This function is exercised by the common council when it resolves to annex certain described lands to the city, and to present a petition therefor to the county board. It must be admitted, however, as we think, that the after proceedings had upon the petition are of a judicial nature. The petition must give the reasons why, in the opinion of the council, the annexation, should take place. The sufficiency of such reasons, and whether they in fact exist, calls for the decision of the tribunal appointed to hear the petition. Notice of the presentation of the petition is also provided for, and adverse parties are thus brought in. Whether the proper preliminary steps have been taken, whether the reasons given in the petition are true, and are sufficient, seem to be questions calling for a judicial examination and decision. * * * It is the law itself, as has been said, that fixes the conditions of annexation; and the office of the board and the court

is to determine whether the conditions so prescribed by the law have been complied with. The legislature has expressly provided for such judicial determination by the board, and for an appeal therefrom to the courts; and this court has frequently recognized the right to such appeal. Section 4224, Burns' R. S. 1894 (3243, R. S. 1881)." The case of *Forsythe* v. *City of Hammond, supra,* was cited with approval in *Board, etc.,* v. *City of Terre Haute,* 147 Ind. 134, which was an annexation case.

The statute under which this cause was appealed to the court below, provides that "the appeal shall be tried and determined as an original cause." Section 4226, Burns' R. S. 1894 (3245, Horner's R. S. 1897).

In *Wilcox* v. *City of Tipton, supra,* this court held that when an action brought by a city to annex unplatted territory, and the same is appealed to the circuit court, that the petition for annexation may be amended in said court by excluding certain territory included in the original petition, and that said cause must be heard *de novo* in said court. This court, at p. 246, said: "We now have a statute granting the right of appeal and providing that 'the appeal shall be tried and determined as an original cause,' section 4224, *et seq.,* Burns' R. S. 1894 (3243, *et seq.,* R. S. 1881). It has been settled by this court that such proceedings, on appeal to the circuit court, are tried *de novo. Chandler* v. *City of Kokomo,* 137 Ind. 295, and cases there cited."

In *Chandler* v. *City of Kokomo, supra,* which was a proceeding to annex unplatted territory to a city, brought by the city of Kokomo before the board of commissioners of Howard county, and appealed to the circuit court, and from the judgment of the circuit court appealed to this court, the court said: "The general denial and a special remonstrance were filed

before the board, and required proof of every issuable fact. Upon appeal to the circuit court, every question in issue before the board was triable *de novo*, the decision thereof by the board having been suspended by the appeal."

Under the laws of this State it is not the order and judgment of the circuit court or the board of commissioners alone that annexes the unplatted territory to a town or city, but it requires the concurrence of the common council of the city or the board of trustees of the town. *Wilcox* v. *City of Tipton, supra*, pp. 245-247; *City of Peru* v. *Bearss*, 55 Ind. 576; *Windman* v. *City of Vincennes*, 58 Ind. 480.

It may be true that the laws of this State concerning the annexation of unplatted contiguous territory to towns and cities are not as full, certain, and definite as to the conditions upon which such territory can be annexed as are the laws of Kansas and other states where such laws have been upheld, but the courts of this State have tried and determined annexation cases under said laws for over forty years, during which time the laws named have been recognized and acted upon as valid by all the departments of the government. To overthrow the part of said laws under which the courts exercised such jurisdiction might lead to great complications and embarrassments in public affairs. In many cases the courts on appeal may have rendered judgments annexing territory which the board of commissioners had refused to annex. Many towns and cities to which territory has been annexed by the judgments of the courts, have built streets and sewers, and extended water mains through such annexed territory, erected schoolhouses thereon, and incurred debts on account thereof, and have incurred indebtedness in excess of two per cent. of the value of their taxable property, if such an-

Paul *v.* The Town of Walkerton.

nexed territory is excluded from such valuation.   To hold that appellant's contention is correct, would declare void all judgments rendered by courts annexing territory, at least where annexation had been refused by the board of commissioners, and that the same was not annexed to such municipality, and that the indebtedness of said municipality was created in violation of the provisions of the constitution limiting the power of municipalities to become indebted.   Such a holding might render void the bonds and other obligations of municipalities which would otherwise be valid, and bring great embarrassment to many municipalities and the territory supposed to have been annexed, besides many other unjust and injurious results which cannot be foreseen.   Under the doctrine of practical construction, as well as under the rule of *stare decisis*, without regard to what the court might think of the correctness of appellee's contention, in the abstract, it would seem that the question thereby presented should be regarded as settled, and that the courts of this State have jurisdiction to try annexation cases *de novo* on appeal, as held in *Forsythe* v. *City of Hammond*, and cases cited, *supra*.

It follows that appellee, not having given any evidence in support of the reasons stated in the petition for annexation, the court erred in directing the jury to return a verdict in its favor.

We decide nothing in regard to the evidence offered, for the reason that the same has not been argued, except in a general way, and the question as to the admissibility of said evidence may not arise at another trial.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.

Howard, J., took no part in the decision of this cause.