VILLAGE OF SYRACUSE, APPELLEE, V. JESSE S. MAPES
                    ET AL., APPELLANTS.

FILED SEPTEMBER 23, 1898. No. 8286.

1. **Appeal: RULINGS ON EVIDENCE.** An appeal in an equity case will
   not present to this court for review the rulings of the trial court
   excluding or admitting evidence.

2. **Villages: ANNEXATION OF TERRITORY.** Section 99, article 1, chapter
   14, Compiled Statutes, authorizes the boundaries of a village to
   be extended so as to include adjacent lands, where either they
   will be materially benefited from the annexation, or justice and
   equity require that it be done.

3. ———: ———. Under said section the corporate limits of a village
   may be extended so as to embrace contiguous territory which
   is in such close proximity to the platted portion as to have some
   unity of interest therewith in the maintenance of municipal
   government.

4. ———: ———. Contiguous territory may be annexed, though the
   same may not have been subdivided into tracts of ten acres or
   less.

APPEAL from the district court of Otoe county. Heard
below before CHAPMAN, J. *Affirmed.*

*M. L. Hayward* and *F. E. Brown*, for appellants.

*John C. Watson*, contra.

NORVAL, J.

The village of Syracuse presented its petition to the
district court of Otoe county for the annexation of certain
territory to the corporate limits of said village, and from
a decree annexing a portion of the lands described in the
petition the defendants have appealed.

It is insisted that the trial court erred in admitting the

testimony of M. C. Joyce and J. H. Arand, respectively, relating to the occupations of the defendants. The rulings in question are not now available as grounds of reversal, since the cause was not brought to this court by proceeding in error, but on appeal. An appeal in equity will not present for review rulings on the exclusion or admission of evidence. (*Ainsworth v. Taylor*, 53 Neb. 484.) Moreover, the cause was tried without the assistance of a jury, and the admission of improper evidence is not in itself a ground for reversal. (*Stabler v. Gund*, 35 Neb. 648; *Whipple v. Fowler*, 41 Neb. 675; *Pearce v. McKay*, 45 Neb. 296; *Tolerton v. McClure*, 45 Neb. 368; *Phœnix Ins. Co. v. Walter*, 51 Neb. 182.)

The decree is assailed as being wholly unsupported by the evidence. The suit was instituted under and in pursuance of the provisions of section 99, article 1, chapter 14, Compiled Statutes 1895. This section authorizes the extension of the boundaries of a town or village so as to include adjacent lands, against the consent of the owner or owners, whether such territory has been subdivided into tracts or parcels of ten acres or less, or has not been so subdivided, in case the same would receive material benefits or advantages by its annexation to the corporation, or justice and equity require such annexation to be made. There was evidence conducing to show the location of the territory proposed to be annexed, its close proximity to the platted portion of the village and to the streets and sidewalks therein; that between 100 and 200 persons reside on the lands sought to be annexed; also the population of the village, its improvements and surroundings, its advantages as a trading point, and for educational and church purposes; and that the lands in question represented the growth of the village beyond its limits, and would receive material benefits by extending the boundaries of the village so as to include the same. On the other hand, there was testimony of a very convincing character to the effect that annexation to the corporation of these lands would be a substantial detri-

ment and damage to their respective owners, instead of a benefit to them. The writer is unable to discover how, in any way, the territory in question would be benefited by the annexation, as it now practically receives all the advantages and benefits as if the same was within the boundaries of the village. It has been held that under section 99 the corporate limits of a village may be extended to include adjacent lands in such close proximity to the platted portion as to have some unity of interest therewith in the maintenance of municipal government. (*State v. Dimond*, 44 Neb. 154; *City of Wahoo v. Tharp*, 45 Neb. 563.) This case is within the rule just announced, and, while the adjacent lands may not be materially benefited by their annexation, justice and equity require that the corporate limits of the village be extended to include said territory. The section mentioned authorizes the annexation to a village of contiguous territory upon the ground of material benefits and advantages to flow from such annexation, or because justice and equity require that the boundaries of the corporation be extended so as to include such territory. (*Village of Hartington v. Luge*, 33 Neb. 623.)

It is urged that as the tract belonging to Mr. De Long, one of the defendants, contains more than ten acres, no portion thereof can be annexed to the village under the section of the statute in question. That section contains no such limitation of the power to extend the boundaries of the village. It reads: "When any city or village shall desire to annex to its corporate limits any contiguous territory, whether such territory be in fact subdivided into tracts or parcels of ten acres or less, or be not so subdivided, the council or board of trustees of said corporation shall vote upon the question of such annexation," etc. It is perfectly plain that contiguous territory may be annexed although the same may not have been subdivided into tracts of ten acres or less.

Another argument is that all the land lying east of the village should not have been annexed, as portions thereof

are not contiguous to, but are separated from, the corporate limits by a narrow strip on the east side of the village and a public highway. There is some evidence to support this contention, while the maps or plats put in evidence disclose that the territory on the east extended to the eastern boundary of the village. It is disclosed that the lands on the north and east of the village adjoin and those on the north touch the north boundaries of the corporation; hence, all the territory in question is contiguous to the village, within the meaning of the statute. The decree has some support in the evidence, and it is

AFFIRMED.