LUELLA GILLESPIE, PLAINTIFF IN ERROR, v. MRS. H. C. SMITH, DEFENDANT IN ERROR.

**Husband and Wife:** SEPARATE ESTATE OF WIFE: LIABILITY OF WIFE. Where a married woman signed a note for a stranger as surety, and thereby enabled him to borrow money, and in an action on the notes alleged in substance that she signed the same only as surety, and "that she received no part of the consideration for which said notes were given, and no benefit accrued from said notes to her or her separate estate," *Held*, That as her non-liability can arise only from her inability to enter into the contract, she must show by her answer that the contract did not concern her separate property, trade, or business.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*J. L. Caldwell*, for plaintiff in error, cited: *Hale v. Christy*, 8 Neb., 264. *Savings Bank v. Scott*, 10 Id., 83. *Barnum v. Young*, 10 Id., 309.

*Lamb, Ricketts & Wilson,* for defendant in error, cited: *Davis v. Bank,* 5 Neb., 242.

MAXWELL, CH. J.

This action was brought upon two promissory notes signed by Sarah Cooper and Mrs. H. C. Smith.

The answer by Mrs. H. C. Smith is, "that she is and was at execution of notes, a married woman and wife of Henry C. Smith, and lived with him as his wife. That she executed said notes as surety, and that she had no interest in the transaction, nor did the consideration thereof accrue to her separate estate, and neither were given in relation thereto. That she received no part of the consideration for which said notes were given, and no benefit accrued from said notes to her or her separate estate. That she neither contracted nor intended to make said notes a charge on her separate estate."

The plaintiff, in reply to the separate answer, says she admits defendant is a married woman, and the plaintiff says she (also) is a married woman and earned most of said money with her own hands. That she knew the defendant Smith for many years. That said defendant, though having her husband living with her, for many years has, in Lancaster county, state of Nebraska, owned in her own name, and conducted, directed, and controlled business, and bought, sold, owned, bargained for, and disposed of property independent of her said husband; and relying on her personal ability to pay and be responsible for the payment of said sums of money, the plaintiff parted with and delivered to the defendant Cooper said sums of money, mostly the proceeds of her own toil. That it was relying upon the personal estate of said defendant being charged with the payment of said sums. That was the sole inducement for making the loan.

A demurrer to the reply was sustained in the court below, and the action as to Mrs. Smith dismissed.

Sec. 4 of Chap. 53 of Compiled Statutes, in relation to married women, provides that " any married woman may carry on any trade or business, and perform any labor or services on her sole and separate account, and the earnings of any married woman from her trade, business, labor, or services shall be her sole and separate property, and may be used and invested by her in her own name."

It will be observed that Mrs. Smith in her answer limits her defense to the allegation that the notes are not a charge on her separate estate. While the word " estate " in its full sense may perhaps include " trade or business,".yet when a married woman sets up her coverture to avoid liability on her contracts she must in her answer negative all the causes from which otherwise her liability may be inferred, as that " the contract did not concern her separate property, trade, or business." The reason is, that her non-liability can only arise from her inability to contract, and this she must clearly allege. The answer, therefore, does not constitute a defense to the plaintiff's cause of action, and the court erred in dismissing the action.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.