Oliver v. Lansing.

## HENRY OLIVER v. JAMES F. LANSING.

### FILED JUNE 3, 1897.    No. 9147.

1. **Review**: REVERSAL: MANDATE: PROCEDURE BELOW: COSTS. On a former appeal of this case this court determined all the issues involved, except the value of a certain block of real estate, reversed the decree appealed from and remanded the case with instructions to the district court to ascertain the value of said block and enter a decree in conformity with the opinion, taxing all the costs to the appellee. *Held*, (1) That the case was not remanded generally for a new trial of all the issues made by the pleadings therein; (2) that the district court did not err in refusing to permit witnesses to be called and examined as to the value of said block, but might ascertain such value from the evidence embraced in the bill of exceptions and made a part of the record of the case on its first trial; (3) that the parties were not entitled to have a jury determine the value of said block; (4) that the order made by the district court taxing all the costs to the appellee could not be reviewed by him in this action on a cross-petition in error as this order was made in obedience to the mandate of this court and the appellee's remedy was to apply to this court by motion on rehearing for a modification of that order.

2. **Bias of Judge**: EVIDENCE. Evidence examined, and *held* not to sustain the contention that the district judge who tried the case was biased or prejudiced against the plaintiff in error or his counsel.

ERROR from the district court of Lancaster county. Tried below before HALL, J.   *Reversed.*

*Webster, Rose & Fisherdick* and *E. E. Brown*, for plaintiff in error.

*Burr & Burr, contra.*

RAGAN, C.

June 26, 1893, the district court of Lancaster county entered a decree in an action pending therein between Henry Oliver and James F. Lansing. From this decree Oliver appealed to this court, which reversed the decree appealed from and remanded the case to the district court with instructions to enter a decree in conformity with the opinion. (See *Oliver v. Lansing*, 48 Neb., 338.) All

points presented by the appeal were decided by this court
except the value of a block in East Lincoln.   As to that
it was said in the opinion: "We conclude that there has
been no satisfactory proof made that the value of block
9, in East Lincoln, at the time $16,000 was charged for it,
was worth that sum.   As there was no finding on this
question of value this must be determined upon another
trial in the district court."   The district court, after re-
ceiving the mandate of this court, entered a judgment in
the action, to reverse which Oliver now prosecutes here a
petition in error.

1. When the case came on for hearing the second time
before the district court, Oliver called witnesses and of-
fered to prove by them the value of said block 9.   The
district court refused to permit these witnesses to testify
and determined the value of said block from the evidence
in the record of the case then before the court in a bill
of exceptions duly settled and allowed at the former
hearing.   This action of the court is the first error as-
signed here.   In this the district court was correct. . This
case was not remanded to the district court for a new
trial generally, but every issue in the case involved in the
appeal was settled by the opinion except the value of said
block 9.   As to the value of this block some fifty-seven
witnesses had testified on the former hearing and it was
entirely proper for the district court, when the case
reached it under the mandate, to determine the value
of said block from the evidence already introduced in
the case.   We are not saying that the district court in
the case had no right to take further testimony as to the
value of this block; but what we do decide is that the
mandate of this court commanded the district court to
ascertain the value of that particular block, and the court
was invested with discretion to determine it from the evi-
dence already in the record before it or to take additional
evidence.

2. The case was first tried and decree rendered by
Judge Hall, one of the judges of the judicial district in

which is situate said Lancaster county. When the case came on for hearing the second time before said judge, Oliver objected to Judge Hall's trying the case, on the ground of his alleged bias and prejudice, and moved to have the case heard before some other judge of the district. The overruling of this objection and motion and the determination of the case by Judge Hall is the second assignment of error argued here. The substance of the facts alleged by the plaintiff in error which he claims show that the learned judge was biased and prejudiced against him is, that sometime after the rendition of the former decree the learned judge, in a conversation with Oliver's counsel, expressed the opinion that the value of said block 9 was about $13,200; that, of the various witnesses who had testified as to its value, he thought the value placed thereon by a witness named Tuttle was about the correct one. At this time the case was pending on appeal in this court. It seems, also, that Mr. Oliver, after the rendition of the other decree, spoke to his honor, Judge Hall, about the value of said block 9; and the judge said to him substantially what he had said to his counsel. It appears, also, that after the reversal of the case in this court, Judge Hall criticised the counsel for Oliver because the judge seemed to be of opinion that some point was presented to the supreme court by counsel for the appellant that was not presented to the trial court; that the case was tried in the supreme court upon a theory different from the theory upon which the case was presented in the court below. But there is in all this not a symptom of bias or prejudice existing in the mind of the learned judge who tried this case, either against Oliver or his counsel; nor was there anything improper in Judge Hall's expressing an opinion as to the value of said block 9 at the time and place and under the circumstances he did. If a litigant does not wish to know the opinion of a judge as to some point in a case he has been trying, he will be pretty sure not to find out, if he does not ask the judge; and if he can satisfy him-

self of the propriety of questioning the judge about his opinion, he ought not to complain because he receives an answer.

3. When the case came on for hearing after the reception of the mandate, Oliver demanded that the district court submit the question of the value of said block 9 to a jury. The denial of this application by the district court is another error assigned. The court did not err in this respect. It was an action in equity and the district court was not bound to permit any question of fact involved in it to be tried by a jury. It might have submitted, if he thought best, any question of fact involved in the case to the determination of a jury; but had he done so, he would not have been bound by the finding made by such jury.

4. The district court, on its final hearing of the case, February 23, 1897, determined the value of said block 9 to be $13,200. This finding of the district court is abundantly sustained by the evidence; but the district court, instead of entering a new decree in the case, modified its decree of June 26, 1893, so as to reduce its judgment in favor of Lansing and against Oliver. This action of the district court was erroneous. Its decree of June 26, 1893, was not in existence when it attempted to modify it in February, 1897. This court had annulled that decree.

5. When this case was remanded to the district court after reversing the former judgment, it was remanded with directions to the district court to tax all costs in the case to Lansing. The district court obeyed this mandate, and its action in that respect is complained of here by cross-petition in error filed by the defendant in error Lansing. The judgment complained of by Lansing is not the judgment of the district court, but of this court, and Lansing cannot be heard to complain on error of the action of the district court because it entered a judgment in conformity with the mandate of this court. If Lansing was of opinion that the judgment of this court taxing all the costs to him was erroneous, he should have

brought the attention of this court to that order by a motion for rehearing. Not having done this, or if he has, the motion for rehearing having been overruled, the question is closed. The decree of the district court is reversed and a decree will be entered here in favor of Lansing and against Oliver for the sum of $5,610.36, with interest at seven per cent per annum thereon from June 26, 1893. All costs to be taxed to Lansing.

DECREE ACCORDINGLY.