Ainsworth v. Taylor.

JOSEPH AINSWORTH, EXECUTOR, APPELLEE, v. JOSEPH H. TAYLOR, APPELLANT.

FILED JANUARY 19, 1898. No. 9399.

1. Appeal in Equity: RULINGS ON EVIDENCE: REVIEW. An appeal of an equitable action to the supreme court pursuant to the provisions of section 675, Code of Civil Procedure, does not present

for review the correctness of a ruling of the district court excluding proffered evidence; such ruling must be presented as prescribed by section 584 *et seq.*

2. **Executors: Actions: Evidence.** Evidence *held* sufficient to sustain the judgment of the district court.

Appeal from the district court of Douglas county. Heard below before Keysor, J. *Affirmed.*

*C. A. Baldwin,* for appellant.

*G. W. Shields, contra.*

Ryan, C.

There has already been a description of the issues involved in this case upon a former consideration thereof on a petition in error. (*Taylor v. Ainsworth*, 49 Neb. 696.) There has now been another trial of these issues in the district court of Douglas county which resulted in a similar judgment to that already reversed, and the defendant again seeks a reversal; this time, however, by appeal. We have carefully examined the evidence adduced and feel satisfied that there was sufficient to sustain the judgment entered by the district court, and there might be an affirmance but for the fact that there are complaints in the brief of appellant as to the rulings of the district court whereby were excluded various matters of evidence. One of these will serve to illustrate our views with regard to all, and we shall therefore consider but one of the rulings which appellant in argument insists was erroneous.

The action was by an executor to recover money in her lifetime entrusted by his testatrix to the defendant. There was no attempt to deny the receipt of the money, but Taylor, the defendant, pleaded that he should not be required to pay it to the executor because of an arrangement between himself and said testatrix, the nature of which is sufficiently indicated by a portion of the bill of exceptions, to which we shall refer in this connec-

tion. J. L. Shivers, a witness in no way disqualified, was under examination and had testified that he was acquainted with the testatrix and had talked with her concerning the transaction pleaded in the answer in this action. The bill of exceptions describes the further examination of this witness in this language:

"Q. Now state, if you please, what that conversation was.

"Mr. Shields: Now I object to that, as incompetent, irrelevant, and immaterial, and as calling for testimony tending to vary the terms of a written agreement between the deceased and the defendant, and for the further reason that it appears from the question that the contract, if any was made, was in the nature of a will disposing of property after the death of the decedent and, not being in writing witnessed by two witnesses in the form of a will, is void."

"Counsel for the defendant thereupon offered to show by the testimony sought to be elicited by the question objected to that the testatrix had told witness that the money had been by her entrusted to Taylor upon an agreement between them that Taylor would pay testatrix $80 each year as interest and such portions of the principal as she would require, and, that when she died, whatever balance had not meantime been paid to her was to become the property of Taylor. The objection was sustained and the proposed evidence was excluded. We are asked to consider the alleged error in this ruling of the court, notwithstanding the fact that there has been filed neither a motion for a new trial in the district court, nor a petition in error in this court. The question thus presented is, whether or not an erroneous ruling of the district court, assuming that the ruling was of that class, can be urged on an equitable appeal as ground for the reversal of a judgment when such alleged error has neither been challenged by a motion for a new trial nor by a petition in error. Section 675 of the Code of Civil Procedure provides: "In actions in equity either

party may appeal from the judgment or decree rendered,
or final order made by the district court, to the supreme
court of the state; the party appealing shall within six
months after the date of the rendition of the judgment
or decree, or the making of the final order, procure from
the clerk of the district court and file in the office of the
clerk of the supreme court a certified transcript of the
proceedings had in the cause in the district court, con-
taining the pleadings, the judgment or decree rendered
or final order made therein, and all the depositions, tes-
timony and proofs offered in evidence on the hearing
of the cause, and have said cause properly docketed in
the supreme court; and on failure thereof the judgment
or decree rendered or final order made in the district
court shall stand and be proceeded in as if no appeal
had been taken." In this section there is no requirement
that errors shall be assigned. If a party elects to appeal
from a judgment in an equitable action, his election
seems to imply that he is content to retry the cause in
the supreme court upon the evidence actually considered
by the district court. Section 582 of the Code of Civil
Procedure is as follows: "A judgment rendered, or final
order made, by the district court may be reversed, va-
cated, or modified by the supreme court for errors ap-
pearing on the record." Section 584 of the same Code,
referring to the provisions of section 582 and others im-
mediately preceding it, contains this language: "The
proceedings to obtain such reversal, vacation, or modifi-
cation, shall be by petition entitled 'petition in error'
filed in a court having power to make such reversal, va-
cation, or modification, setting forth the errors com-
plained of, and thereupon a summons shall issue," etc.
These provisions clearly contemplate only the considera-
tion of errors appearing on the record and require that
each alleged error shall be specially set forth in the pe-
tition in error. The strictness with which the require-
ments of specific assignments has been enforced is amply
illustrated in every volume of the reports of the opinions

of this court. Not only must the errors be pointed out in the petition in error, but even this is unavailing, if there has been a failure to file a motion for a new trial even in equity cases. (See *Scroggin v. National Lumber Co.*, 41 Neb. 196, and the authorities therein cited.) There is perceived no reason why all this strictness should be dispensed with, merely because an unsuccessful litigant chooses to have his case docketed as an appeal case rather than as an error proceeding in the supreme court. Because of the statutory provisions above indicated and of the reasonableness of the requirement that errors must be specifically pointed out, we are precluded from considering the errors argued in the brief of appellant and the judgment of the district court is

AFFIRMED.