Walker v. Smith.

NOAH S. WALKER, ADMINISTRATOR, APPELLEE, V. JAY T. SMITH, APPELLANT.

FILED MARCH 3, 1898. No. 7890.

1. **Appeal: RULINGS ON EVIDENCE.** "An appeal of an equitable action to the supreme court, pursuant to the provisions of section 675, Code of Civil Procedure, does not present for review the correctness of a ruling of the district court excluding proffered evidence. Such ruling must be presented as prescribed by section 584 *et seq.*" *Ainsworth v. Taylor*, 53 Neb. 484, followed.

2. **Review: CONFLICTING EVIDENCE.** Findings and decree on conflicting evidence, of which there is sufficient to sustain them, will not be disturbed on appeal.

APPEAL from the district court of Buffalo county. Heard below before SINCLAIR, J. *Affirmed.*

*Greene & Hostetler,* for appellant.

*Dryden & Main, contra.*

HARRISON, C. J. ·

In an action commenced by appellee in the district court of Buffalo county to obtain the foreclosure of a real estate mortgage, an answer was filed to his petition, in which there was a plea that the note the payment of which was secured by the mortgage, the basis of the action, was the evidence of a contract of loan which was tainted with the vice of usury. The contention on the part of the principal appellant, the mortgagee, was, in substance, that at the time of the contract between him and the appellee's decedent the latter agreed to make him a loan in a stated sum to be evidenced by a note, and its payment secured by mortgage on the real estate involved herein; that the note and mortgage in suit were executed pursuant to the terms of such agreement, and that as a part of the agreement the appellant was to allow the other party to retain from the amount loaned

the sum of $80 as a "bonus," or as interest, which he did, and that it constituted the contract an usurious one. It is conceded for the appellee that the $80 was retained of the amount evidenced by the note and mortgage as having been loaned; and further, if it was as a bonus or interest, it made the contract usurious. It is, however, contended for appellee that the amount of $80 was retained to pay the expenses of a trip by the mortgagee, prior to completion of the loans from his home in Vermont to Nebraska and return, the purpose of the trip being an examination of the land to be mortgaged and its approval or rejection as a security. A decree of foreclosure was entered in the district court and the matter is presented here by an appeal.

It is urged for the appellant that the court erred in excluding from the evidence the testimony of a witness W. B. Miller, called on behalf of appellant. In a recent case there was under consideration by this court the question of a presentation in an appeal proceeding of alleged errors of the trial court in its rulings, by which proffered evidence was excluded, and it was then said that to secure an examination in this court of such claimed errors on the part of the trial court, there must have been assignments of them in a motion for a new trial by which means the attention of the trial court was directed to them and they must be of assignments in a petition in error in this court. (See *Ainsworth v. Taylor*, 53 Neb. 484.) Following the doctrine then announced, the point urged is not properly presented and cannot be examined.

The only other argument is that the findings and decree of the district court were contrary to the weight of the evidence. The evidence on the contested issue, that of usury, was conflicting, and there was of it sufficient to sustain the findings and decree, and, conformably to the well-established rule, they will not be disturbed. It follows that the judgment will be

AFFIRMED.