WILLIAM R. ALLING, TRUSTEE, APPELLEE, V. PETER B. NELSON ET UX., APPELLANTS, ET AL.

FILED MAY 19, 1898.   No. 8079.

1. **Trial to Court**: EVIDENCE: HARMLESS ERROR. Where a case is tried to the court without the aid of a jury the admission of improper evidence is not prejudicial error.

2. **Rulings on Evidence**: REVIEW. The rulings of the trial court rejecting evidence tendered by a party cannot be reviewed by this court on appeal.

3. **Evidence**: REVIEW. A party who brings a case to this court by appeal impliedly consents to submit the issues for decision upon the evidence actually in the record.

4. **Decree of Foreclosure**: PERSONAL JUDGMENT. A decree in a foreclosure suit which finds the amount due, directs that it be paid within a fixed time, and provides for the sale of the premises in default of payment, is not a personal judgment.

5. **Foreclosure of Tax Lien**: AMOUNT RECOVERABLE. On the foreclosure of a tax lien based on a valid tax sale the holder of such lien is entitled to recover the amount bid at the tax sale, together with interest thereon at the rate of twenty per cent per annum for the period of two years from the date of his certificate and ten per cent thereafter.

APPEAL from the district court of Dawes county. Heard below before BARTOW, J. *Affirmed.*

*C. H. Bane* and *D. B. Jenckes* for appellants.

*Albert W. Crites, contra.*

SULLIVAN, J.

This action was commenced in the district court of Dawes county to foreclose a real estate mortgage executed by Nelson and wife to Spargur & Fisher and by

15

them transferred to the plaintiff William R. Alling. The defendants Josiah D. Bacon and James S. Romine were tax-sale purchasers of the mortgaged premises and filed an answer asserting their tax lien and asking for a foreclosure of the same. A trial resulted in a decree in favor of the plaintiff and also in favor of Bacon and Romine. The Nelsons appeal. The theory of the defense to the plaintiff's action was that the mortgage was given to secure a usurious loan and that Spargur & Fisher acted as plaintiff's agents in the transaction. The plaintiff denied the alleged agency and claimed that he was an innocent purchaser for value, in the usual course of business and before maturity, of the negotiable notes which the mortgage was given to secure. There is some testimony feebly tending to support Nelson's defense, but the finding and decree of the district court in favor of the plaintiff is sustained by ample evidence and is approved.

Appellants complain of the reception by the trial court of evidence alleged to be incompetent. We do not think the complaint is well grounded, but, assuming that it may be, it does not follow that the judgment should be reversed. It has been frequently held that when a case is tried to the court without the aid of a jury the admission of improper evidence is not prejudicial error. (*Stabler v. Gund*, 35 Neb. 648; *Liverpool & London & Globe Ins. Co. v. Buckstaff*, 38 Neb. 146; *Sharmer v. McIntosh*, 43 Neb. 509; *Stover v. Hough*, 47 Neb. 789; *Buckingham v. Roar*, 45 Neb. 244.)

The ruling of the court in rejecting certain evidence tendered by the Nelsons to establish their defense is also made the subject of complaint. This action of the court cannot be reviewed. By bringing the case here on appeal appellants have signified their willingness to submit the issues for decision upon the evidence actually in the record. Such is the holding in the recent case of *Ainsworth v. Taylor*, 53 Neb. 484.

It is said that the decree is, in legal effect, a personal

judgment for the amounts found due the plaintiff and the defendants Bacon and Romine. We do not so understand it. It finds the amounts due, directs that they be paid within a fixed time, and provides for the sale of the premises in default of payment. This is the usual form of decree in such cases. It is not a personal judgment. It furnishes no basis for a general execution against the property of the debtor. Appellants have not, themselves, treated it as a personal judgment, for the supersedeas bond tendered by them and approved by the clerk of the court is drawn with reference to the third subdivision of section 677 of the Code of Civil Procedure, and is conditional merely for a speedy prosecution of the appeal and against the commission or permission of waste.

It is finally asserted that the court erred in allowing Bacon and Romine twenty per cent interest on their claim. No argument is made in support of this assertion and it seems to be entirely without merit. The proceedings which resulted in the tax sale and the sale itself seem to have been regular, and the law is well settled that on the foreclosure of a tax lien based on a valid tax sale the holder of such lien is entitled to recover the amount bid at the tax sale, together with interest thereon at the rate of twenty per cent per annum for the period of two years from the date of his certificate and ten per cent thereafter. (*Alexander v. Thacker*, 43 Neb. 494; *Osgood v. Grant*, 44 Neb. 350.) The judgment of the district court is right and is

AFFIRMED.