SOPHIA LOWE V. JOHN RILEY, IMPLEADED WITH DAVID M. MARVIN, GUARDIAN, ET AL., APPELLEES, AND BALFE & READ ET AL., APPELLANTS.

FILED DECEMBER 22, 1898.          No. 8555.

1. **Objection to Jurisdiction:** SPECIAL APPEARANCE: PLEADING: WAIVER. Unless the petition in an action discloses that the court has no jurisdiction over the defendant, he must challenge the court's attention to its lack of jurisdiction by special appearance, and if that be overruled, go no further, but stand upon his special appearance; or, if he pleads to the merits, to avail himself of the want of the court's jurisdiction over him, he must plead that want of jurisdiction as a defense; and if, on overruling his special appearance, he pleads to the merits of the case, omitting as a defense the court's want of jurisdiction, he will be deemed to have waived that objection.

2. **Appointment of Receiver:** SUPERSEDEAS: SURETIES: PARTIES. One who signs as surety a bond superseding an order of a court appointing a receiver thereby becomes, for all the purposes of that suit, a party thereto.

3. **Mortgage Foreclosure:** APPOINTMENT OF RECEIVER PENDING APPEAL: SUPERSEDEAS: RENTS AND PROFITS: JURY TRIAL. From a decree foreclosing a real estate mortgage an appeal was taken to the supreme court. Pending the appeal the district court appointed a receiver with power to take possession of the property

Lowe v. Riley.

involved, and collect the rents. Appellants superseded this last order by giving a bond to account for and pay into court for distribution the rents and profits of the premises during the time the receivership was superseded, if the order appointing the receiver should be affirmed. The foreclosure decree and the order appointing the receiver were affirmed. *Held*, (1) That the court, by an order to show cause issued in the foreclosure case and served upon the appellants, might enter a judgment against them for the rents and profits of the premises during the time the receivership was suspended; (2) that such a proceeding was not an independent civil action, but a proper step in the foreclosure case to effectuate and carry out the decree rendered therein; (3) that since the court had jurisdiction of the foreclosure suit for one purpose, it had the right to retain it and enter all orders, judgments, and decrees necessary to a final and complete disposition of the litigation; (4) that the appellants were not entitled to a jury to try the issues made by their answer to the order to show cause.

4. **Appeal:** ACTION AT LAW: PROCEEDING IN ERROR. An appeal will not lie to this court from a judgment of a district court rendered in an action purely legal in its nature. Such a judgment can only be reviewed by this court on petition in error.

5. **Appointment of Receiver:** RIGHT TO SUPERSEDE. An order appointing a receiver is not one that is supersedable as a matter of right. Whether it may be superseded is a matter resting in the discretion of the court making the order, and if the court make such order, it may fix the terms and conditions upon which it shall become operative.

6. **Appeal:** WASTE BOND: APPOINTMENT OF RECEIVER: SUPERSEDEAS. A bond executed in accordance with the third clause of section 677 of the Code of Civil Procedure, conditioned that the appellants will prosecute an appeal without delay and during its pendency not commit, or suffer to be committed, any waste upon the premises involved in the action, will not supersede an order appointing a receiver for said premises.

7. ——: ——: ——: ——: RENTS AND PROFITS. Where the appellants executed such a waste bond supposing they had thereby superseded the order of the court appointing a receiver for the premises of which they were in possession, and subsequently the court permitted them to remain in possession of the premises upon their executing a bond superseding the court's order appointing a receiver, conditioned that they would account for and pay into court the rents and profits of the premises during the time the receivership was suspended if the order appointing the receiver should be finally affirmed, *held*, that the second bond was not invalid for want of consideration.

8. ——: ——: ——: ——: ——. In such a case the contract

of the appellants to account for the rents and profits of the premises is a contract upon their part to account for the fair rental value of the premises.

9. **Mortgage Foreclosure: JUDGMENT FOR RENTS AND PROFITS.** Evidence examined, and *held* to sustain the decree of the district court.

APPEAL from the district court of Douglas county. Heard below before DUFFIE, J. *Affirmed.*

*C. J. Smyth* and *T. J. Mahoney,* for appellants.

*James H. McIntosh, contra.*

RAGAN, C.

The facts necessary to an understanding of this case are: In the district court of Douglas county Sophia Lowe brought suit to foreclose an ordinary real estate mortgage against John Riley. Balfe & Read, David M. Marvin, guardian, and Charles E. Bates were, among others, also made parties defendant to the action. By the decree pronounced by the district court in that action Marvin, guardian, was given a first, Charles E. Bates a second, Sophia Lowe a third, and Balfe & Read a fourth lien upon the property. Balfe & Read appealed from that decree to this court. While the appeal was pending here the district court of Douglas county appointed a receiver for the property involved in the foreclosure action, conferring upon him the usual powers to take possession of the property in litigation, collect the rents and profits thereof, etc. The receiver accepted the trust and duly qualified therefor. Riley and Balfe & Read excepted to this order and the court made this entry: "Their bond for appeal is hereby fixed by the court at the sum of $1,000." Riley and Balfe & Read thereupon, supposing, we presume, that they were superseding the order of the district court appointing a receiver, executed their bond in the sum of $1,000, had the same approved, and filed by the clerk of the district court. This bond recited that the court had appointed a receiver for the

property in litigation, and that the court had prescribed a bond in the sum of $1,000 in order for them, the bondsmen, to obtain a review of said order in the supreme court, and was conditioned that they, Riley and Balfe & Read, would duly prosecute the appeal without delay, and would not during the pendency of such appeal commit, or suffer to be committed, any waste upon the real estate. Riley, the mortgagor and the owner of the equity of redemption of the premises, either before or after the bringing of the foreclosure suit, being indebted to Balfe & Read, leased to them the real estate, the lease providing that Balfe & Read should have possession of the property and retain possession thereof until the rents should discharge Riley's debt to them. Balfe & Read were in possession of the property when they appealed from the decree of the district court foreclosing the mortgage to this court, and in possession of the property as lessees of Riley at the time they executed the undertaking superseding, as they supposed, the order of the district court appointing a receiver for the property. Some time after Balfe & Read had executed the undertaking last mentioned the receiver attempted to take possession of the property, or to collect the rents from the tenants in the actual possession thereof, and was resisted or thwarted by Balfe & Read, and thereupon the district court caused Balfe & Read to be brought before it to show cause why they should not be attached for contempt for interfering with the court's receiver. The contempt proceeding resulted in the district court making an order giving Balfe & Read five days in which to file and have approved a supersedeas bond in the sum of $1,500, for the purpose of superseding the court's order appointing the receiver, the bond to be conditioned that "Balfe & Read account for and pay into court, to be distributed among the person or persons finally found to be entitled thereto, the rents and profits of the premises in controversy in this suit in case the order appointing such receiver shall be affirmed." Balfe & Read executed

this bond with one Benson as surety. It was approved and filed, and thereupon the contempt proceedings were discontinued and Balfe & Read left in undisturbed possession of the mortgaged property. A condition of the bond was: Balfe & Read "will account for and pay into this court, to be distributed among the persons finally found to be entitled thereto, the rents and profits of the premises in controversy which may be legally required of them during the time they may occupy or control such premises, by virtue of such appeal, in case the order appointing such receiver shall be confirmed." This court finally affirmed the decree of the district court entered in the mortgage foreclosure suit and the decree of the court appointing a receiver for the mortgaged property. The mortgaged premises were duly sold and the proceeds applied towards the discharge of the liens fixed thereon by the decree; and deficiency judgments were rendered against Riley in favor of Marvin, guardian, for $1,118.38 and in favor of Bates for $489. These judgments not having been paid, Marvin, guardian, and Bates and Sophia Lowe filed in the district court of Douglas county in the case of Lowe against Riley a paper denominated "Petition for Order to Show Cause." The application recited the facts already narrated; that Balfe & Read had continued in the possession of the premises to the exclusion of the court's receiver for a certain time in pursuance and by virtue of the bond given by them to supersede the order of the court appointing the receiver; that the rental value of such premises during the time Balfe & Read were in possession of them and during the time the receivership was superseded was $75 per month; and prayed the court for an order directed to Balfe & Read and Benson, and each of them, to show cause by a day 'med why they should not account for the rental value of the mortgaged premises during the period the possession thereof by the receiver was superseded, and to show cause why they should not pay the rental value of said premises into court for distribution among the

petitioners in the order of priority of their claims. The court issued the order prayed for. Balfe & Read and Benson appeared. A trial was had resulting in a decree against Balfe & Read and Benson, and they have appealed.

1. The first contention is that the court had no jurisdiction of the appellants. In pursuance of the order to show cause served upon them Balfe & Read and Benson appeared specially and objected to the jurisdiction of the court over them, on the ground that there had never been a summons served upon them as provided by section 62 of the Code of Civil Procedure. The contention of the appellants was that this proceeding was a civil action and could be commenced only by filing in the office of the clerk of the district court a petition and causing a summons to be issued thereon; and that as no summons had ever been issued and served upon them the court had no jurisdiction over them. The objection of appellants was overruled, and thereupon they answered to the merits, but did not interpose in their answers as a defense the court's lack of jurisdiction over them by reason of their having been served with an order to show cause instead of being duly summoned. We think that the appellants, by answering to the merits of the case, and by not pleading in their answer as a defense the lack of the court's jurisdiction over them, waived that defense and entered a general appearance in the proceeding. (*Walker v. Turner*, 27 Neb. 103; *Hurlburt v. Palmer*, 39 Neb. 158.) In support of their contention that the court was without jurisdiction over them appellants rely upon *Anheuser-Busch Brewing Ass'n v. Peterson*, 41 Neb. 897. In that case it was said: "Under the provisions of our Code it is proper to plead as a distinct defense any facts not dis closed by the petition from which it appears that the court has not acquired jurisdiction of the person of the defendant, or the subject of the action." In that case Busch was made a defendant, and personal service of a summons was had upon him in the state of Missouri.

He challenged the jurisdiction of the court over him by a special appearance. This challenge having been overruled, he pleaded the fact that he was served in the state of Missouri as a defense in his answer, and this court sustained the plea. Counsel for appellants say that the want of the court's jurisdiction over them appeared upon the face of the record, and therefore no such a defense as want of the court's jurisdiction was necessary in the answer. We cannot agree to this contention. If the court had no jurisdiction over the defendants, the fact did not appear from the application to show cause, or, as counsel for appellants call it, "the petition in the proceeding." It did appear from the record that the appellants were in court in obedience to the order to show cause, but if this had been a suit upon an ordinary promissory note, and a summons had been issued and served in another state, then the record would have shown that the court was without jurisdiction over the parties served in the foreign state, but the fact would not have appeared from the petition itself; and in the case stated had the parties served in the foreign state appeared specially and objected to the jurisdiction of the court, and, on the overruling of that objection, answered to the merits of the case and gone to trial, they would certainly have been held to have entered a general appearance and submitted themselves to the jurisdiction of the court, unless as a defense to the action they had pleaded the want of the court's jurisdiction over them. We understand the rule to be that unless the petition in the action discloses that the court has no jurisdiction over the defendant, he must challenge the court's attention to its lack of jurisdiction by special appearance, and if that be overruled must go no further, but stand upon his special appearance; or, if he pleads to the merits, to avail himself of the want of the court's jurisdiction over him, he must plead that want of jurisdiction as a defense; and if, on overruling his special appearance, he pleads to the merits of the case, omitting as a defense

the court's want of jurisdiction, he will be deemed to have waived that objection. But we think the argument of the appellants that the court had no jurisdiction over them is untenable for another reason. Balfe & Read were parties to this foreclosure proceeding, and Benson, by signing their bond as surety to supersede the order made by the court appointing a receiver, became for all the purposes thereof also a party to this action, and at the time this order to show cause was issued the foreclosure action was still pending,—not finally disposed of. These appellants, being parties to the suit, were entitled to nothing more than the notice to show cause why the order demanded by the appellees should not be made. Thus proceeding is not an independent civil action. It is one of the steps taken or proceedings had by the district court to effectuate and carry out the decree rendered in the main action.

2. In the district court appellants demanded a jury, which was refused, for the trial of the issues in the proceeding at bar, and this action of the court is urged here for a reversal of the decree appealed from. This demand for a jury is predicated upon the theory that the proceeding was a law action. We do not think it was. It was a special proceeding in an equity case originated and carried on for the purpose of carrying into effect the decree rendered in the mortgage foreclosure suit; and since the district court as a court of equity had jurisdiction of this foreclosure suit for one purpose, it had the right to retain it and enter all orders, judgments, and decrees necessary to a final and complete disposition of the litigation. (*Morrissey v. Broomal*, 37 Neb. 766; *Disher v. Disher*, 45 Neb. 100; *Flentham v. Steward*, 45 Neb. 640.) But the argument of the appellants that this is a law action would put them out of court. This case is here on appeal, and an appeal will not lie to this court from a judgment of a district court rendered in an action purely legal in its nature. Such a judgment can only be reviewed by this court in a proceeding in error. (*Camp-*

*bell v. Farmers & Merchants Bank of Elk Creek*, 49 Neb. 143.) Again, if the district court erred in denying the appellants a jury for a trial of the issues in this proceeding, that was an error of law which occurred at the trial and cannot be reviewed on appeal, but only on petition in error. (*Ainsworth v. Taylor*, 53 Neb. 484; *Alling v. Nelson*, 55 Neb. 161; *Village of Syracuse v. Mapes*, 55 Neb. 738; *Frenzer v. Phillips*, 57 Neb. 229.)

3. A third argument is that the supersedeas bond for $1,000, executed by the appellants and which they supposed superseded the order of the district court appointing a receiver, did supersede that order, and that the $1,500-bond subsequently executed by the appellants to supersede the order of the court appointing a receiver was executed without consideration. But an order appointing a receiver is not one that may be superseded as a matter of right. Whether it may be superseded is a matter resting in the discretion of the court, and if an order be made allowing it to be superseded the court, in its discretion, may fix the terms and conditions upon which the supersedeas may become operative. (*Home Fire Ins. Co. v. Dutcher*, 48 Neb. 755; *State v. Stull*, 49 Neb. 739.) The $1,000-bond executed by the appellants was conditioned against waste according to the third clause of section 677 of the Code of Civil Procedure. This section of the Code has no application to an appeal from an order appointing a receiver, and the bond of $1,000 executed by appellants did not supersede the order made by the court appointing the receiver. We do not think the argument of the appellants that the $1,500-bond executed by them to supersede the court's order appointing a receiver was without consideration is tenable. The receiver of the court was entitled to possession of the premises involved in the foreclosure suit,—entitled to the rents and profits of these premises pending that action, and the appellants in effect said to the court: "Grant us a supersedeas of the order appointing a receiver; permit us to remain in possession of the premises and collect

the rents and profits thereof, and if your order appointing this receiver shall be finally affirmed, then we will account for and pay into court the rents and profits of the premises while the order appointing the receiver remains superseded." The court supersedes its order appointing the receiver, allows the appellants to remain in possession of the property and collect the rents and profits upon their giving a bond. The order appointing the receiver is affirmed by the supreme court, and the appellants are called upon to account for the rents and profits of the premises, and they answer that "there was no consideration for our agreement." That the court permitted them to remain in possession of the mortgaged property and collect the rents and profits thereof instead of its receiver was a sufficient consideration for the execution of the supersedeas bond.

4. The next argument is that the application for an order to show cause or, as counsel for appellants style it, "the petition" does not state a cause of action. The application alleges that the appellants gave a bond conditioned that they would account for and pay into court the rents and profits of the premises in controversy which might be legally required of them during the time they occupied and controlled the said premises in case the order appointing the receiver should be affirmed. There was another allegation in the application that the rental value of the premises during the time they were in possession of the appellants was $75 per month, and there was a prayer in the application that the appellants might be required to show cause why judgment should not be rendered against them for the rental value of said premises. It is said in argument that a contract to account for rents and profits of premises is not a contract to pay their rental value. If this argument be correct, we are unable to see that the petition does not state a cause of action. But we think in this case the contract of the appellants to account for the rents and profits of the premises in controversy during the time they occupied

them was a contract to pay into court the fair rental value of the premises during that time. The contract of appellants was not merely to account for such rents as they received from the property, but its fair rental value.

5. A final argument is that the finding made by the district court as to the rental value of the property during the time it was held by appellants is unsupported by sufficient evidence. We think it is. The decree of the district court is right and is

AFFIRMED.

· IRVINE, C., not sitting.