NATIONAL LIFE INSURANCE COMPANY OF MONTPELIER, APPELLEE, V. KATE MARTIN, APPELLANT, ET AL.

FILED JANUARY 5, 1899. No. 8587.

1. **Appeal: ERRORS AT TRIAL.** Alleged errors in matters of procedure occurring at or before the trial cannot be reviewed on appeal. In this court the correctness of the judgment rendered on the pleadings and proofs is the only question to be considered.

2. **Pleading: ANSWER.** An answer which states "that defendant has not sufficient knowledge or information as to the claim of the plaintiff, and therefore demands and calls for strict legal proof thereof," presents no issue for trial.

APPEAL from the district court of Lancaster county. Heard below before HOLMES, J.   *Affirmed.*

*George McHugh* and *Charles E. Magoon,* for appellant.

*S. L. Geisthardt, contra.*

SULLIVAN, J.

This action was brought in the district court of Lancaster county to foreclose two real estate mortgages executed by Kate Martin to the Clark & Leonard Investment Company and by it assigned to the plaintiff, the National Life Insurance Company of Montpelier, Vermont. From a decree of foreclosure rendered against her the defendant appeals.

She complains of the action of the trial court in denying her motion to strike from the files the petition and supplemental petition, on the ground that the evidence of verification is defective. The objection to the official certificate attesting the fact of verification is hypertechnical. It does not merit serious consideration. Besides, this being an appeal, we are not authorized to review alleged errors in matters of procedure occurring at or before the trial. The correctness of the judgment rendered on the pleadings and proofs is the only question to be considered. (*Ainsworth v. Taylor,* 53 Neb. 484; *Alling v. Nelson,* 55 Neb. 161.)

Another point urged upon our attention is that the decree is not sustained by sufficient competent evidence. No evidence was necessary, as the pleadings presented no issue for trial. The defendant in her answer states "that she has not sufficient knowledge or information as to the claim of the plaintiff, and therefore demands and calls for strict legal proof thereof." This is not a denial of any of the averments of the petition, and manifestly fails to meet the requirements of section 99 of the Code of Civil Procedure, which provides that the answer

shall contain "a general or specific denial of each material allegation of the petition controverted by the defendant." The claim of the plaintiff as stated in the petition stood confessed. In *Maxwell v. Higgins*, 38 Neb. 671, it was held that "facts pleaded in a petition will be taken as admitted where not specifically denied in the answer, and the answer avers as to such facts that the defendants, for want of knowledge, neither admit nor deny the averments of the petition." The judgment is right and is

AFFIRMED.