ELSIE D. TROUP ET AL., APPELLANTS, V. PAUL W. HOR-BACH ET AL., APPELLEES, AND NATHAN BLAKELY ET AL., APPELLANTS.

FILED FEBRUARY 9, 1899. No. 10499.

1. **Reversal: NEW TRIAL: AMENDMENT.** Where a judgment in an equitable action is reversed and the cause remanded for further proceedings not inconsistent with the opinion filed in the case, the district court may, if consistent with the views expressed in the opinion, permit a reformation of the issues and a trial *de novo*.

2. ———: ———: ———: DISCRETION. But there is no strict and absolute right to file new pleadings in such case. The matter is committed to the sound discretion of the court, and its action in the premises will not be reversible error unless it amounts to an obvious abuse of discretion.

3. ———: ———: ———: REVIEW. In order to bring up for review any action of the trial court with reference to the amendment of pleadings it must appear by the record that an exception was taken to the order complained of.

4. ———: ———: ———: INTERLOCUTORY ORDER. An order denying an application for leave to amend pleadings is interlocutory and not appealable.

5. **Dismissal: DENIAL INTERLOCUTORY.** An order refusing a party permission to dismiss his action is not final, and cannot be brought here for review by appeal.

6. **Appeal: ERROR: INTERLOCUTORY ORDERS.** On appeal to this court the only question to be considered is whether the judgment or final order responds to, and is warranted by, the pleadings and proofs. To reach errors in interlocutory orders a petition in error should be filed with the record.

Troup v. Horbach.

Appeal from the district court of Gage county. Heard below before Letton, J. *Affirmed.*

*J. E. Cobbey, G. M. Johnston, Griggs, Rinaker & Bibb,* and *A. C. Troup,* for appellants.

References: *City of Hastings v. Foxworthy,* 45 Neb. 676; *Porter v. Sherman County Banking Co.,* 40 Neb. 274; *Badger Lumber Co. v. Holmes,* 55 Neb. 473; *Thomas v. Thomas,* 33 Neb. 373; *State v. Cornell,* 52 Neb. 25; *Sharpless v. Giffen,* 47 Neb. 146.

*John D. Howe* and *E. R. Duffie,* contra.

References: *State v. Sheldon,* 26 Neb. 151; *Merriam v. Gordon,* 20 Neb. 405; *Anglo-American Land Co. v. Brohman,* 33 Neb. 409; *Lancaster County Bank v. Gregory,* 24 Neb. 656; *Homan v. Steele,* 18 Neb. 652; *Smith v. Schaffer,* 29 Neb. 656; *Oliver v. Lansing,* 51 Neb. 818; *Gaines v. Rugg,* 148 U. S. 228; *Sexton v. Henderson,* 47 Ia. 131; *Sanxey v. Iowa City Glass Co.,* 68 Ia. 542; *Garmoe v. Windle,* 76 Ia. 239; *Adams County v. Burlington & M. R. R. Co.,* 55 Ia. 94; *Austin v. Wilson,* 57 Ia. 586; *Kurtz v. St. Paul & D. R. Co.,* 67 N. W. Rep. [Minn.] 809; *Butler v. Barnes,* 61 Conn. 399; *Kavanagh v. Barber,* 22 N. Y. Supp. 874; *O'Riley v. Diss,* 48 Mo. App. 62; *Miner v. Medbury,* 7 Wis. 90; *Carney v. Emmons,* 9 Wis. 109; *Roberts v. Corbin & Co.,* 28 Ia. 355; *City of Chicago v. Gregsten,* 45 N. E. Rep. [Ill.] 505; *Sanders v. Peck,* 131 Ill. 407; *Pattern Paper Co. v. Green Bay Canal Co.,* 66 N. W. Rep. [Wis.] 601; *Treadway v. Johnson,* 39 Mo. App. 176; *Whitney v. Traynor,* 45 N. W. Rep. [Wis.] 550; *National Investment Co. v. National Savings Loan & Building Ass'n,* 53 N. W. Rep. [Minn.] 546.

*A. H. Babcock* and *A. Hazlett,* also for appellees.

Sullivan, J.

This equitable action was commenced by creditors of an insolvent corporation against its stockholders to re-

cover unpaid stock subscriptions. A judgment of the district court in favor of the plaintiffs was brought here for review and at a former term reversed, except as to the defendant G. M. Johnston and certain other defendants who were defaulted. The cause was remanded for further proceedings not inconsistent with the views expressed in the opinion. (*Troup v. Horbach*, 53 Neb. 795.) After receiving the mandate the district court permitted the plaintiffs to file an amended and supplemental petition. This pleading being filed, the defendants Horbach, Horbach, and Lantry moved the court for an order striking it from the files, or else "to dismiss them from said petition." The motion assigned various reasons for the action it invoked. It was submitted on June 8 and sustained on the grounds (1) that the additional facts alleged in the petition had not been discovered since the former trial; (2) that the material matters contained in the petition had been already tried and adjudicated; and (3) that the averments of the original petition are the same as those contained in the amended and supplemental petition. To the ruling on the motion no exception was taken, and the court thereupon rendered judgment "that defendants Horbach, Horbach, and Lantry go hence without day." On June 8 the Brush Electric Company, which had intervened in the action, obtained an order dismissing its cross-petition without prejudice. June 27 this order was set aside and an order entered dismissing the cross-petitions of all interveners unless amendments presenting material new matter should be filed by them on or before July 8. Nathan Blakely, one of the interveners, filed an amended cross-petition, and to this pleading Horbach, Horbach, and Lantry immediately addressed a motion similar to the one by which the amended and supplemental petition of the plaintiffs had been successfully assailed. The motion was sustained on the grounds (1) that it contained no supplemental matter; (2) that it contained no facts of which Blakely was ignorant at the time of the trial; and (3) that the

matters contained in the amended pleading were in sub-
stance identical with those contained in the original
cross-petition, and had been already adjudicated. The
Brush Electric Company having tendered no amend-
ment, the court, upon sustaining the motion, directed
against Blakely's amended pleading, dismissed the cross-
petitions of both interveners as to Horbach, Horbach,
and Lantry. There is nothing in the record to indicate
that the action has been finally disposed of as to all the
defendants. Except as to Johnston, the defendants de-
faulted, and the appellees herein, the case seems to be
still pending and undetermined in the district court of
Gage county. It may be doubtful under the circum-
stances whether the appeal gives this court jurisdiction
of the case; but, assuming that it does, we proceed to con-
sider some of the questions discussed by counsel in the
briefs.

The plaintiffs and the intervener Blakely have de-
clined to discuss the sufficiency of the new pleadings.
filed by them in the case. They do not attempt to show
that the amendments were substantial, but seem to rest
their claim to a reversal of the judgments on the propo-
sition that they had a strict and absolute right to
amend, and to a trial, in the usual way, of the sufficiency
and truth of their allegations. The Brush Electric Com-
pany stands upon the proposition that the vacation of
the order dismissing its cross-petition was reversible er-
ror. On the other hand, the appellees contend that the
power of the court, under the mandate, was limited to
entering the judgment that should have been rendered
at the conclusion of the trial. We think it perfectly
clear that neither the position of the plaintiffs and
Blakely, nor that of the appellees, is tenable. The judg-
ment was reversed, with authority to the trial court to
take such further action, in the interests of justice, as
the law would sanction and a sound discretion dictate or
approve. Within the bounds of judicial discretion the
court might grant, or refuse, leave to amend the plead-

ings. It might decide the case on the record already made. It might take additional evidence, or it might try all the issues *de novo*. Error could not be predicated of its orders unless there was an obvious abuse of discretion. (*Badger Lumber Co. v. Holmes*, 55 Neb. 473; *Oliver v. Lansing*, 51 Neb. 818; *Bush v. Bank of Commerce*, 38 Neb. 403; *Brown v. Rogers*, 20 Neb. 547.) .

Plaintiffs complain of the order sustaining the motion addressed to their amended and supplemental petition. The order was interlocutory, and the point made, that in the absence of an exception it cannot be reviewed, must be sustained. (*Farmers Loan & Trust Co. v. Bankers & Merchants Telegraph Co.*, 109 N. Y. 342; *Spears v. Mayor of New York*, 72 N. Y. 442; *Mechanics & Traders Ins. Co. v. Gerson*, 38 La. Ann. 349.) In order to bring up for review any question touching the action of the trial court with reference to amendments, the record must show that an exception was taken to the order complained of. (*Healy v. Aultman*, 6 Neb. 349; *State v. Bartley*, 56 Neb. 810; 1 Ency. Pl. & Pr. 534.)

There is another reason why the merits of plaintiffs' complaint cannot be considered. The order in question is not appealable. It was, in legal effect, a refusal to permit, as against the Horbachs and Lantry, a reformation of the issues and a second trial upon new pleadings. The judgments, based upon the original pleadings and the evidence contained in the bill of exceptions, definitely settled the rights of the parties to this proceeding and, as to them, ended the litigation in the district court. They are appealable, but the orders preceding them are not. The correctness of these judgments is the only question properly before us for determination. Admitting, for the sake of argument only, that a trial on the reformed pleadings might have resulted in a conclusion favorable to plaintiffs and Blakely, and also assuming that there was prejudicial error in the rulings which prevented a reinforcement of the record by bringing in other material facts to influence the action of the court, still

we are not authorized, on this appeal, to take cognizance of such error and because of its commission reverse the judgments rendered. The judgments, being warranted by the pleadings and evidence, must be affirmed, conceding that they are the possible products of error in the rejection of allegations and consequent exclusion of proof. This proposition is firmly established by recent decisions. In *Ainsworth v. Taylor*, 53 Neb. 484, *Alling v. Nelson*, 55 Neb. 161, and *Village of Syracuse v. Mapes*, 55 Neb 738, it was held that rulings of the trial court in excluding evidence could not be reviewed on appeal. In *Frenzer v. Phillips*, 57 Neb. 229, we refused to consider on appeal a ruling of the district court on a motion to quash the service of a summons; and in *National Life Ins. Co. v. Martin*, 57 Neb. 350, we said, with respect to an order denying a motion to strike from the files an amended and supplemental petition, that "alleged errors in matters of procedure occurring at or before the trial cannot be reviewed on appeal. In this court the correctness of the judgment rendered on the pleadings and proof is the only question to be considered." As it does not appear affirmatively that either of the final judgments rendered by the district court in favor of Horbach, Horbach, and Lantry is erroneous, both of said judgments are

AFFIRMED.