FIRST NATIONAL BANK OF CHICAGO V. BARBARA STOLL.

FILED FEBRUARY 9, 1899.   No. 8668.

1. **Pleading: SHAM DENIAL.** An averment in an answer that the defendant is ignorant of certain matters alleged in the petition, and therefore asks strict proof, is not a denial and presents no issue.

2. **Married Women: COVERTURE: PLEADING.** A plea of coverture must negative the conditions under which a married woman is by statute permitted to contract.

3. ——: ——: ——. A plea of coverture which merely asserts that the defendant or her separate estate received no benefit from the contract is insufficient.

4. ——: SURETYSHIP. Within the limits of her general contractual power a married woman may enter into a contract of suretyship.

ERROR from the district court of Gage county. Tried below before BUSH, J. *Reversed.*

*J. E. Cobbey*, for plaintiff in error.

References: *Briggs v. First Nat. Bank of Beatrice*, 41 Neb. 17; *Smith v. Spaulding*, 40 Neb. 341; *Gillespie v. Smith*, 20 Neb. 455.

*R. W. Sabin* and *Alfred Hazlett*, contra.

References: *State Savings Bank v. Scott*, 10 Neb. 83; *Barnum v. Young*, 10 Neb. 309; *Grand Island Banking Co. v. Wright*, 53 Neb. 574.

IRVINE, C.

The First National Bank of Chicago sued Barbara

Stoll, together with H. C. Stoll and A. C. Scheiblich, on a promissory note alleged to have been made by the defendants to the Nebraska National Bank of Beatrice, and by it sold and transferred before maturity to the plaintiff. H. C. Stoll and Scheiblich made default. Barbara Stoll undertook to plead coverture, and on a trial to the court prevailed. The answer, omitting formal parts, is as follows:

"She admits the signing of said note sued on in said action. Answering further the petition of said plaintiff this defendant says that she is the wife of H. C. Stoll, one of the said defendants in the above entitled action, and was at the time of the making and execution of said note. This answering defendant further says that she only signed said note as surety, and not as principal, and that she received no consideration whatever of the money mentioned in said note, and for which said note was given, and no benefit accrued from said note to her or to her sole and separate estate. This answering defendant further says that said promissory note signed by her as aforesaid was not given for any debt contracted by this answering defendant, or for any debt contracted by her husband, H. C. Stoll. This answering defendant further says that she knows not whether the plaintiff in this action is a corporation organized under the national banking law, and knows not whether the note sued on in this action was sold and transferred for a valuable consideration and before maturity, as alleged in the plaintiff's petition, and therefore would ask that strict proof be given for the same."

The answer stated no defense. It expressly admitted the execution of the note, and by implication admitted its transfer to the plaintiff as alleged in the petition. The averment that defendant did not know the corporate character of plaintiff or the fact of such transfer, and asked for strict proof, is not a denial and presents no issue. (*National Life Ins. Co. v. Martin*, 57 Neb. 350.)

The defense was then relegated to the plea of covert-

ure. This merely averred that defendant received no consideration and that no benefit accrued to her or her separate estate. The answer in *Gillespie v. Smith*, 20 Neb. 455, was almost in the identical language of this answer and was held to state no defense. It was there said that a plea of coverture must negative all the causes from which liability would be inferred,—that is, as the plea goes to the ability of defendant to contract, and as a married woman may now contract in certain cases, the plea must show that the case is one as to which the disability has not been removed. A married woman may carry on a separate business, and may make any contract with reference to such business or with reference to her separate estate. It is not necessary, in order to bind her, that the contract should prove beneficial to her or to her estate. The allegation of suretyship did not help out this plea, for a married woman, within the limits of her general contractual power, may enter into a contract of suretyship. (*Smith v. Spaulding*, 40 Neb. 339; *Briggs v. First Nat. Bank of Beatrice*, 41 Neb. 17.)

REVERSED AND REMANDED.

NORVAL, J., and RAGAN, C.

We concur in holding that the answer is an insufficient plea of coverture, solely on the ground that the question was in effect decided in *Gillespie v. Smith*, 20 Neb. 455. The opinion filed therein, in our view, is unsound, but the question being one of practice, the rule therein announced should be followed.