PETER HANSON V. FRANK PAUL NATHAN.

FILED JUNE 22, 1905.   No. 13,873.

Review: MOTION FOR NEW TRIAL. The rule is well settled that the
supreme court will not review a judgment of the district court
on a petition in error as to errors occurring at the trial, unless
the alleged errors are first called to the attention of the trial
court by a motion for a new trial. *Smith v. Spaulding*, 34 Neb.
128.

ERROR to the district court for Cuming county: CON-
RAD HOLLENBECK, JUDGE.   *Affirmed.*

*A. R. Oleson,* for plaintiff in error.

*McNish & Graham, contra.*

DUFFIE, C.

Hanson, plaintiff in error, owns the northwest quarter
of section 33, township 24, range 5, in Cuming county,
Nebraska.   Nathan, defendant in error, is the owner of
the northeast quarter of the same section.   A survey es-
tablishing the boundary line between these two quarter
sections was run and established in the year 1870, and the
present owners, and those through whom they claim title,
occupied the lands up to the line thus established down to
the year 1901.   About this time a controversy arose be-
tween Hanson and Nathan relating to this boundary line,
and Hanson procured a survey of the premises to be made
by the county surveyor of Cuming county in the early
summer of 1902, which survey established the line some
distance east of that which had theretofore been recog-
nized as the true boundary.   After this last survey Han-
son commenced the erection of a fence along the line es-
tablished by the last survey, which he completed in March,
1903, and took possession of the disputed strip, and there-
upon Nathan commenced this action in equity to restrain

Hanson from trespassing upon his premises. An injunction was issued by the county judge of Cuming county which, on motion of Hanson, was dissolved by the district judge, upon the ground that the relief claimed was the possession of a strip of land in dispute between the owners, the title of which had not been established in a court of law. After the dissolution of the injunction Hanson filed an answer, to which Nathan replied, and in his reply prayed for a decree quieting his title to the premises in dispute. Hanson moved to strike this reply from the files upon the ground that it sought to incorporate a new and independent cause of action not set out in the petition. This motion was overruled, and thereupon Nathan asked and obtained leave to amend the prayer of his petition by adding thereto a prayer to quiet his title to the strip in dispute. Leave was given to so amend the prayer of the petition, to which Hanson objected, and the court announced that the trial would proceed as an action to quiet title, the case being set for trial the following day. Hanson thereupon moved for a continuance, supporting his motion by a showing to the effect that, because the action was to proceed as one to quiet title, different proof would be necessary, which required time to procure. This motion was overruled and the trial proceeded, resulting in a decree quieting title to the disputed premises in the plaintiff, Nathan. Hanson has brought the case here by petition in error, but, under the well-established rules of this court, no motion for a new trial being filed in the district court, we can only examine the pleadings and the decree entered to ascertain whether the decree is supported by the pleadings on which the case proceeded to trial. *Zehr v. Miller*, 40 Neb. 791; *Harrington v. Latta*, 23 Neb. 84; *Schmid v. Schmid*, 37 Neb. 629; *County of Lancaster v. Lincoln Packing Co.*, 5 Neb. (Unof.) 521; *Hansen v. Kinney*, 46 Neb. 207.

It is objected that the petition does not contain any allegation to the effect that Hanson was asserting an adverse claim of ownership, or that his acts constituted a

22

cloud upon Nathan's title. It is probably true that the petition is barren of facts entitling the plaintiff, on a strict construction, to a decree quieting his title, but all the pleadings taken together clearly show that Hanson was asserting title to the premises in dispute as against the claim of Nathan. His answer alleges that he is the owner and in possession of the northwest quarter, and that this disputed strip is a part of said quarter section; and the reply alleges "that, under and by virtue of the claim of said defendant to said strip of land in question, there is a cloud cast upon the title of plaintiff's land." As a rule, the failure of a petition to allege the necessary facts to constitute a cause of action cannot be supplied by statements in the reply, and if the motion made by Hanson directed against the reply had been to strike therefrom statements that should have been set out in the petition, it would undoubtedly have been sustained, but the motion was to strike the reply from the files, and as it contained matter denying several allegations of the defendant's answer, the motion was properly overruled, and the allegations of the reply may now be considered in aid of the defective petition. *Farmers & Merchants Ins. Co. v. Dobney*, 62 Neb. 213; *Gregory v. Kaar*, 36 Neb. 533. So, also, a defective petition may be aided by statements contained in the defendant's answer. *Railway Officials & Employees Accident Ass'n v. Drummond*, 56 Neb. 235, in which the following appears: "A petition which is defective by reason of the omission of material facts therefrom will be aided and cured by the averment of such facts in the answer."

The objection that a trial by jury was denied the defendant cannot be sustained in the absence of a motion for a new trial. The same objection was made in *Lowe v. Riley*, 57 Neb. 260, and the court said: "Again, if the district court erred in denying the appellants a jury for a trial of the issues in this proceeding, that was an error of law which occurred at the trial and cannot be reviewed on appeal, but only on petition in error." This, of course,

means that the question should have been raised in the trial court by a motion for a new trial. Some of the rulings of the trial court, especially the refusal to grant a continuance, were probably prejudicial to the defendant, and this ruling, if properly presented to that court by a motion for a new trial, would incline us to reverse the judgment entered; but, as before stated, no opportunity was given the trial court to correct any of the alleged errors, and, following the rule, from which there has been no variation in this court, that errors of law occurring upon the trial cannot be reviewed in the absence of a motion for a new trial, we recommend an affirmance of the decree.

JACKSON, C., concurs. ALBERT, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.

SEDGWICK, J., not sitting.