MINNIE ZIMMERMAN, APPELLEE, v. PHILIP J. ZIMMERMAN, APPELLANT.

FILED OCTOBER 5, 1899. No. 8,970.

1. **Appeal**: TRIAL BELOW: REVIEW OF RULINGS. An appeal in an equity cause will not present for review the rulings made during the progress of the trial.

2. **Divorce**: EXTREME CRUELTY. Evidence examined, and *held* sufficient to justify the granting to the wife a decree of divorce on the ground of extreme cruelty.

3. ———: ALIMONY. The condition, situation and standing of the parties, financially and otherwise, duration of their marriage, the amount and value of the husband's estate, the source from which it came and whether the wife contributed anything to the common fund are proper matters to be considered in awarding permanent alimony.

4. ———: ———. Excessive alimony should not be allowed.

APPEAL from the district court of Gage county. Heard below before STULL, J. *Reversed*.

*E. O. Kretsinger*, for appellant.

*Hazlett & Jack, contra.*

NORVAL, J.

Minnie Zimmerman brought a suit for divorce in the court below on the ground of extreme cruelty. The defendant filed an answer and cross-petition praying that he be granted a divorce from the plaintiff. The cause was referred to Hon. A. H. Babcock to take the testimony, and report the same to the court with conclusions of fact and law. The referee made his report, finding that plaintiff was entitled to a divorce, the care and custody of her two minor children, and $3,000 as alimony. The defendant filed exceptions to said report, which were overruled by the court, and a decree was rendered confirming the report of the referee. The cause is here on the appeal of the defendant.

Exception is taken to the refusal of the referee during the trial to require plaintiff to submit to a physical examination of her person. This ruling is not reviewable, since the cause is before us on appeal. See *Ainsworth v. Taylor*, 53 Nebr., 484; *Alling v. Nelson*, 55 Nebr., 161; *Village of Syracuse v. Mapes*, 55 Nebr., 738.

Complaint is made that the evidence fails to sustain the finding that the defendant was guilty of extreme cruelty towards the plaintiff. The testimony adduced by the plaintiff before the referee upon this branch of the case, in many respects, is of too disgusting and revolting a nature to permit of its being detailed or summarized in an opinion. Suffice it to say that the record discloses by clear and satisfactory proofs that the defendant on many occasions was guilty of extreme cruelty towards his wife. His conduct was shown to be so inhuman as to make her living with him unbearable. In justice to the defendant it should be stated that his testimony, if believed, would entirely exonerate him from the charge of extreme cruelty imputed to him by his wife; and to some extent he is corroborated by witnesses called in his behalf. The finding of the referee is supported by the evidence of Mrs. Zimmerman, and she was corroborated by other

10

witnesses to such an extent as to justify the granting to her of the decree of divorce, although the proofs would have warranted a decree in favor of the defendant.

We are convinced that the allowance of $3,000 permanent alimony, and the further sum of $125 a year for the support and maintenance of the two children, until they reach the age of fourteen years, was excessive. It appears that the parties have been married less than three years, that the property of the defendant was accumulated prior to their marriage, and that the wife contributed nothing thereto. In the allowance of permanent alimony the condition, situation and standing of the parties, financially and otherwise, and the duration of their marriage, the amount and value of the husband's property, and whether the wife contributed anything to the common fund, are proper matters to be considered. The amount of permanent alimony should be reduced to $2,500, and the allowance for the support of the children cut down to $100 a year. The decree in all other respects, including the amounts allowed the referee and stenographer respectively, is affirmed. The decree as to alimony and support of the children is reversed, and the cause remanded to the district court with directions to modify its former decree in accordance with this opinion.

REVERSED AND REMANDED.