ALICE S. DANFORTH, APPELLEE, V. LORENZO D. FOWLER ET AL., APPELLANTS.

FILED APRIL 9, 1903. No. 12,773.

1. **Appeal:** REVIEW OF MOTION TO STRIKE. In an equity cause brought to the supreme court on appeal, the ruling of the district court on a motion to strike an answer from the files can not be considered. *Frenzer v. Phillips,* 57 Neb. 229.

2. **Procedure.** To authorize the supreme court to review the rulings of the trial court on motions and other matters of procedure, the party complaining must except to such rulings, file a motion for a new trial, and present the questions by a petition in error.

3. **Appeal:** MOTION FOR JUDGMENT ON PLEADINGS. The ruling of the district court on a motion for a judgment on the pleadings, can not be reviewed on appeal if it appears that the judgment is sustained by and conforms to the pleadings.

APPEAL from the district court for Clay county: GEORGE W. STUBBS, DISTRICT JUDGE. *Affirmed.*

*Thomas H. Matters,* for appellants.

*Joel W. West* and *Leslie G. Hurd, contra.*

BARNES, C.

The appellee, Alice S. Danforth, commenced an action against Lorenzo D. Fowler in the district court for Clay county, and in such action attached certain property which she alleged belonged to him. She obtained a judgment against him in said suit, and also an order to sell the attached property for the satisfaction thereof. To aid the sale of the property she thereupon commenced a suit in equity in the nature of a creditors' bill against the said Lorenzo D. Fowler, Elizabeth E. Fowler, Helen L. Jones, Anna A. Fowler, Elizabeth E. Fowler, trustee, George E. Fowler, Fowler & Cowles Mortgage Company, the Sutton Building & Improvement Company and E. M. Woodruff, to set aside certain conveyances and transfers of the property, which were alleged to be fraudulent, and

without consideration. Service of summons was duly had on all of the defendants, and they were required to answer the petition in said cause on or before the 26th day of May, 1902. Answers were filed by the Fowler & Cowles Mortgage Company, George E. Fowler, Helen L. Jones and the Sutton Building & Improvement Company; and the other defendants defaulted.

It appears that the case was placed on the calendar of the district court for Clay county at its June term, and stood for hearing on June 2, 1902. It also appears that the clerk, in making out the bar docket, for the convenience of counsel noted it for trial on June 3. On the 2d day of June the appellee filed a motion to strike the answer of Helen L. Jones from the files for the alleged reason that it was sham and irrelevant, and that such facts were apparent upon the face of the record and the depositions on file. The motion was considered by the court on the evidence and argument of counsel, and was sustained. Thereupon the default of Helen L. Jones was entered, and appellee filed a motion for judgment on the pleadings according to the prayer of her petition. Default was entered as to all of the non-answering defendants, and the answers of George E. Fowler, the Sutton Building & Improvement Company, and the Fowler & Cowles Mortgage Company were held to state no defense to the allegations of her petition. The motion was sustained, and a decree was entered in favor of the appellee as prayed. Thereupon the Fowler & Cowles Mortgage Company appealed to this court, and on June 13, 1902, Helen L. Jones served notice on the appellee that she had filed a motion for leave to file a supersedeas bond. Her motion was afterwards sustained, and the matter now comes before us for review on the appeal.

The appellants contend that the court erred in sustaining the motion of the appellee to strike the answer of Helen L. Jones from the files. This question can not be considered, for the reasons hereinafter given. It appears from the record that no exception was taken to the ruling on

the motion. It further appears that no motion for a new trial was ever filed in the trial court,. and that no petition in error has ever been filed in this court. A ruling on a motion to which no exceptions was taken can not be reviewed in this court, especially if such review is sought upon appeal as distinguished from error proceedings. *Frenzer v. Phillips,* 57 Neb. 229. That action was one for the foreclosure of a real estate mortgage. There was a defendant residing in the state of New York, and proceedings were had by the sheriff authorizing a person to serve the summons upon the defendant in that state. There was also service by publication. The latter service was. attacked by motion on special appearance, because the affidavit upon which it was founded had been filed in May, 1895, and the publications were September 4, 11, 18 and 25, 1895, and before there had been a ruling with reference to the sufficiency of the personal service. This motion was overruled. No exception was taken to it, but the case was finally appealed to this court, and that ruling was presented for review. The court said: "We can not consider the correctness of this ruling, for two reasons: First, because of the failure to except, and second, because this case is presented for review upon appeal, and not upon error proceedings." And in support of this the court cited *Ainsworth v. Taylor,* 53 Neb. 484; *Alling v. Nelson,* 55 Neb. 161; *Village of Syracuse v. Mapes,* 55 Neb. 738.

In the case of *Zimmerman v. Zimmerman,* 59 Neb. 80, it was held that an appeal in an equity cause will not present for review the rulings made during the progress of the trial.

In *Battelle v. McIntosh,* 62 Neb. 647, 650, Commissioner Pound, speaking for the court, said: "The answer denied that these payments had been made, and the trial court rejected all evidence by which they were sought to be established. It is very clear from inspection of the record that the theories upon which these rulings were made were erroneous in view of *Adams v. Osgood,* 60 Neb. 779, and *Chicago, B. & Q. R. Co. v. Nemaha County,* 50 Neb.

393, but we can not review them in the present proceeding. The office of an appeal is only to review the judgment or final order of the district court upon the pleadings and the evidence admitted at the hearing. Review of rulings rejecting evidence must be sought by petition in error."

In order to review an action in equity on error, the errors complained of which occurred on the trial must be brought before the district court by motion for a new trial or they will be considered as waived. *Cutler v. Roberts,* 7 Neb. 4, 29 Am. Rep. 371; *Swansen v. Swansen,* 12 Neb. 210, 211.

It thus appears to be settled by this court that the rulings of the district court on the trial of a suit in equity will not be reviewed by this court unless a motion for a new trial has been presented to the district court and the alleged errors are presented in this court by a petition in error.

Lastly, it is contended that the court erred in rendering judgment on the pleadings. It appears that after the answer of Helen L. Jones was stricken from the files the other answers that remained stated no defense to the plaintiff's cause of action. This being true, it was proper for the court to render a judgment on the pleadings as they then stood. Such action was the same as rendering a judgment by default. No money judgment was sought against any of the appellants, and, the allegations of the petition standing confessed by reason of the default, it was not necessary for the plaintiff to offer any other or further proof than that which was already on file, and she was entitled to a decree in accordance with the prayer of her petition. If evidence was required to support the decree, there being no bill of exceptions in the record and nothing to show what evidence was before the trial court, it will be conclusively presumed that the evidence was sufficient to sustain the decree. In the case of *Credit Foncier v. Rogers,* 10 Neb. 184, it was held that "If a party rely upon the fact that there was no evidence in a case where evidence was necessary, he must establish it by a proper bill of exceptions."

The state of the record herein renders it impossible for us to consider either of the questions presented by the appellants, and for that reason we recommend that the judgment of the trial court be affirmed.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.