MARGARET L. SABIN, APPELLEE, V. JOSEPH J. CAMERON, APPELLANT.

FILED NOVEMBER 28, 1911. No. 16,863.

1. Appeal: INSTRUCTIONS. Alleged error in giving an instruction will not be considered where no exception was taken thereto and no reference was made to it in the motion for a new trial.

2. Contracts: CONSTRUCTION: QUESTION FOR JURY. "Where a written contract requires extrinsic evidence to explain its terms, the interpretation to be given in view of such evidence is a question of fact." *Haskell v. Read*, 68 Neb. 107.

3. ———: ———: QUESTION FOR COURT. But, in the absence of a latent ambiguity, this principle will not ordinarily apply to those terms of a written contract which are plain and unmistakable in their meaning when considered by themselves and in connection with the remainder of the contract.

4. ———: BUILDING 'CONTRACT: EXTRAS. A builder ordered by the proprietor to do work in some way connected with the original contract, but substantially independent of it, under such circumstances that the owner should know that the execution of her orders will cause extra trouble and expense to the builder not contemplated by the terms of the contract to build, has a just demand for reasonable compensation for the extras if the original contract does not provide to the contrary.

5. Appeal: INSTRUCTIONS. It is prejudicial error to submit to the jury a controverted defense not sustained by any evidence.

6. ———: AFFIRMANCE ON CONDITION. Where a case has been twice tried in the district court and in this court, if by imposing terms as a condition to affirming the judgment substantial justice may be done between the litigants, it is competent for this court to do so.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed on condition.*

*Burkett, Wilson & Brown,* for appellant.

*Burr, Greene & Greene,* contra.

ROOT, J.

This is an action against a contractor to recover for money paid by the plaintiff to relieve her property from the lien of a subcontractor. The defendant pleaded a cross-demand for extras. The plaintiff prevailed, and the defendant appeals.

This is the second appeal of this case.· The opinion heretofore filed and reported in 82 Neb. 106, is referred to for a description of the litigant's contentions. Subsequent to the reversal an amended and supplemental petition and an amended reply were filed.

The defendant's first contention, that the evidence is insufficient to sustain the supplemental matter pleaded, will not be considered, for the reasons that he took no exception to instruction numbered $3\frac{1}{2}$, wherein the court peremptorily directed a finding in the plaintiff's favor on her cause of action in the sum returned by the jury, and did not refer to the instruction in his motion for a new trial. *Holloway v. Schooley*, 27 Neb. 553; *Richardson & Boynton Co. v. Winter*, 38 Neb. 288; *Wiseman v. Ziegler*, 41 Neb. 886; *Danforth v. Fowler*, 68 Neb. 452. This leaves for consideration solely the errors assigned with respect to the trial of the defendant's cross-demand. It is contended that the jury should have been instructed that the reply admitted that the defendant furnished the items described in the cross-petition. Neither the pleadings nor the proof raise any such an issue. The instructions fairly construed concede that the items were furnished, but leave it for the jury to determine the defendant's contention that the items were extras, and the plaintiff's theory that all of the items not extras were gratuitously furnished.

The remaining assignments meriting serious consideration are as follows: Permitting the plaintiff to testify over objections that, before the written contract was reduced to writing and signed, she talked with the defendant about all of the items included in his demand for

extras; instructing the jury that they should find from the evidence whether the extras were within the terms of the contract; and submitting to them as an issue of fact whether the extras, if any, were furnished gratuitously and without expectation of reward. The contract is as follows:

"CONTRACT.

"Mrs. Sabin.                          "LINCOLN, NEBR., 10-17, 1904.

"The undersigned does agree to do all work described in the above article of agreement, build two bathrooms, one over the other, on east side of kitchen, with window in each room, and cut door from hall to bath on second floor, and cut door in same way on first floor. Board outside and paper and plaster the inside with hard wall and 4 ft. high with Keyn cement, and strike off to make imitation of tile. Give tile and tub three coats of enamel, color to suit owner. Fit the upper bath with closet, tub, and lavatory with old fixtures, put new tub with nickel plated waste and supply all standard or S. Wolff goods. Put in complete hot and cold water. Put in one 18x30 sink.

"This work will be done to comply with the city ordinances. Lay maple floors in bathrooms and finish in yellow pine. Give one coat of filler and two of hard oil, and paint all new work two coats to match old house as near as possible. Cut openings from front room to next room north, and give owner choice of sliding door or one post grill. Take out closet door in front room, and put in hall in same closet. Cut door from dining-room to kitchen. Take out all back stairs and close up door. Make old bathroom and back bedroom in one. Leave windows and doors as they are, and patch the floor in places needed. Put closet in north end of old bedroom, using old door now in hall. Put in one window in kitchen so as to allow a table under it. Fit up sink and pantry on west side of kitchen. Cut back door to porch. Take off all rim locks on all doors on second floor and replace with mortice, No. 23 finish.

"Back Porch.

"Build back porch 12x16 and make room under porch; close porch up to the east and north from lower floor to four feet above upper floor, then cap the inclosure and screen from there to frieze. Make stair from upper porch inside of the inclosure. Lay double floor on upper porch so as not to leak. Put on tin roof of good roofing tin. Move outside cellarway and one window. All the new rooms will be heated by the furnace now in the house with returns where needed. Put stone foundation under both and room under porch and make all work complete.

"Make a way to get to attic after the same plans of Mr. Hardy's is. Gas can be made separate by changing riser pipes it will be changed but if not it can't be changed. Move tank in back hall so as to make room for door. Contractor will take all old sash.

"(Sign) J. J. CAMERON.

"(Sign) M. L. SABIN.

"LINCOLN, NEBR., 10-19, 1904.

"I, the undersigned, will do all the described work and furnish all labor and material to be used for the sum of one thousand and ninety dollars ($1,090.00). If old closet and wash bowl is used                     10.00

                              ——————

                              $1,080.00

"Money shall be paid as the work progresses, and when the final finish shall come the undersigned will furnish receipts for all labor and material and deliver to owner.

"(Signed) J. J. CAMERON."

The contract is not aided by specifications, and several of its terms are ambiguous. Some written contracts are to be construed solely by reference to their terms, but there are undertakings which should be interpreted in the light of extrinsic evidence to ascertain the things upon which the minds of the parties meet. In the first class the proper construction to be given the contract is ordinarily a question of law for the court to decide, but in

the second class the facts which may aid a correct con-
struction, if not admitted or undisputed, should be sub-
mitted to the jury under proper instructions, and the in-
terpretation of the contract becomes in a sense a question
of fact. *Coquillard v. Hovey*, 23 Neb. 622; *Rosenthal v.
Ogden*, 50 Neb. 218; *Meyer v. Shamp*, 51 Neb. 424; *Has-
kell v. Read*, 68 Neb. 107.

This rule will not apply to those terms of a written
contract which have a plain and unmistakable meaning,
and are so connected with the remaining parts of the con-
tract that they require no interpretation, but speak plainly
for themselves. Nor, in an action to enforce and not to
reform the contract, does this rule open the door for the
reception of oral evidence to show that, before the con-
tract was signed, the parties talked about items plainly
without the terms of the contract as written. We think
that some of the terms of the contract under consideration
do not carry on their face satisfactory proof of their
meaning, but are ambiguous to a degree justifying proof
of extrinsic facts to ascertain their import. The extra
item, "To gas separate from lower floor and back porch,"
might come within the clause in the contract "Gas can be
made separate by changing riser pipes it will be changed
but if not it can't be changed." Whether the glass for
the bathroom windows should be plain or chipped is not
clear from the contract. Nothing is said in specific lan-
guage in the contract with relation to steps or lattice
work for the porch, but the defendant agreed with re-
spect to the porch to "make all work complete." A porch
would be incomplete without steps, and possibly the lat-
tice work might have been within the contemplation of
the parties. Concerning the following items, we are sat-
isfied the contract, unless reformed, cannot be construed
to include them: Maple floor in kitchen; changing cellar
stairs and making cupboard, seven closets in same; closet
under stairs in room under porch; moving door three times
after plastering; one door, frame, and hardware; stop-
ping old cold air ducts; plate shelf in dining room.

We think the rule with regard to the right of a builder to charge for extras is well stated by Judge Marshall in *Fitzgerald v. Walsh,* 107 Wis. 92, 81 Am. St. Rep. 824: "It is well settled that where a builder is ordered to make changes from the original contract plans, which are really extras, or to do work in some way connected with the original contract but substantially independent of it, and the circumstances are such that the proprietor must know that the execution of such orders will cause extra labor and expense to the builder not contemplated by either party in the original contract, he is liable to compensate the builder therefor in the absence of some express provision in such original contract to the contrary." See, also, *McLeod v. Genius,* 31 Neb. 1.

Mrs. Sabin resided in a part of the house while the defendant was making the improvements, and requested him to perform the work for which he is demanding compensation. She must have known that Mr. Cameron could not comply with her requests without expense for material and labor. There is no provision in the written contract forbidding the contractor constructing extras, nor providing conditions precedent to his right to compensation or denying him compensation therefor. Upon the former appeal it was held that there was no competent evidence to prove that the extras were gratuitously furnished, nor any issue to permit the introduction of that proof. The pleadings were amended to present the issue, but the evidence did not justify submitting the issue to the jury. The amount involved in this litigation is not great; the case had been twice tried in the district court and in this court, and, if possible, it should be terminated now. Since the action is at law, we may not try it *de novo,* but we may impose reasonable terms as a condition for an affirmance. While there is error in the matters just referred to, we believe that we are justified in affirming the judgment if the plaintiff will remit such a sum as the defendant is clearly entitled on the evidence to recover for extras that

are clearly without the terms of the written contract. That sum, as we understand the record, is $106.25.

If the plaintiff within 50 days after the filing of this opinion will file a remittitur of $106.25 with 7 per cent. simple annual interest from July 1, 1905, the judgment of the district court will be affirmed, and each party will pay their own costs in this court. Otherwise the judgment of the district court will be reversed and the cause remanded for further proceedings.

